UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Aly,
*Plaintiff,*

v.

Apple Inc.,
*Defendant.*

# PLAINTIFF'S LETTER MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

DENIED as moot, given defendant's response at Dkt. 23 indicating that it properly responded by midnight on June 22. The Court understands that plaintiff is proceeding pro se, and may not be familiar with the Court's local rules and procedures. Plaintiff is encouraged to consult the local rules, as well as my own individual practices and to try to comply with them in the future. In this case, had plaintiff met and conferred with defendant before filing this motion to compel (as is required by the individual practices), defendant may have shared its view that the deadline hadn't yet elapsed, and any need to file a motion to compel may have been avoided, saving plaintiff some time and effort.

Of course, as this case goes on if a party is not cooperating with discovery, even after meeting and conferring, the Court is available to adjudicate disputes. But deadline issues like this and miscommunications can be avoided by better communication between the parties.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 25, 2026

Dated: June 22, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

Dear Judge Subramanian,

Plaintiff Brian Aly, proceeding pro se, respectfully [moves for an order compelling Defendant Apple Inc. to serve responses to Plaintiff's First Requests for Production to Defendant Apple Inc. and Plaintiff's First Set of Interrogatories to Defendant Apple Inc.](#)

Plaintiff served his First Requests for Production and First Set of Interrogatories on Defendant by email on May 15, 2026. Defendant's responses were originally due on June 15, 2026. On June 15, 2026, Defendant requested a one-week extension of time to respond, stating that it was continuing to work on identifying responsive documents and individuals with relevant knowledge. Plaintiff consented to Defendant's requested extension and confirmed his understanding that Defendant's extended response deadline was June 22, 2026. Defendant acknowledged Plaintiff's consent to the extension.

As of the filing of this letter, Defendant has not served responses by the extended June 22, 2026 deadline. Defendant was active in this litigation as recently as June 18, 2026, when counsel for Defendant communicated with Plaintiff regarding revisions to the parties' joint letter. Defendant therefore remained actively engaged in the case and aware of the pending discovery process shortly before the extended response deadline expired.

By contrast, Defendant previously served Plaintiff with its own discovery requests, including requests for production and interrogatories, and Plaintiff served responses and objections by the applicable deadlines. Plaintiff also served his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Plaintiff has therefore complied with his discovery obligations while also agreeing to Defendant's requested extension for its responses.

Plaintiff's discovery requests are targeted to the central issues in this case, including Plaintiff's recruiting and hiring, Apple's internal classification of Plaintiff's role, the distinction between Product Manager and ML Data Scientist roles, Plaintiff's written concerns regarding the classification discrepancy, Apple's response to those concerns, Plaintiff's performance, and the circumstances leading to Plaintiff's termination.

Plaintiff has attempted in good faith to obtain Defendant's responses without Court action. Plaintiff served the discovery requests on May 15, 2026, agreed to Defendant's requested one-week extension, confirmed the extended response deadline, and previously advised Defendant's counsel that Plaintiff expected timely and substantively adequate discovery responses and reserved all rights to seek relief from the Court if Defendant failed to serve timely responses or served materially deficient responses. Defendant nevertheless failed to serve responses by the extended deadline. Plaintiff therefore submits this letter motion after attempting in good faith to obtain Defendant's discovery responses without Court intervention.

Plaintiff respectfully requests that the Court order Defendant to serve complete written responses to Plaintiff's First Requests for Production and Plaintiff's First Set of Interrogatories

within seven days, produce responsive nonprivileged documents on a prompt schedule, and provide any other relief the Court deems appropriate.

Plaintiff submits the following exhibits in support of this letter motion:
- Exhibit A: Plaintiff's First Requests for Production to Defendant Apple Inc.
- Exhibit B: Plaintiff's First Set of Interrogatories to Defendant Apple Inc.
- Exhibit C: May 15, 2026 email serving Plaintiff's First Requests for Production and First Set of Interrogatories.
- Exhibit D: June 15, 2026 email correspondence regarding Defendant's requested extension and Plaintiff's consent to the June 22, 2026 extended deadline.
- Exhibit E: Correspondence reflecting Defendant's June 18, 2026 activity regarding revisions to the parties' joint letter.
- Exhibit F: Defendant's First Set of Requests for Production to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff.
- Exhibit G: Documents reflecting Plaintiff's timely responses to Defendant's discovery requests and Plaintiff's service of initial disclosures.


Respectfully submitted,


Dated: June 22, 2026                    By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

# EXHIBIT A

# Plaintiff's First Requests for Production to Defendant Apple Inc.

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

*Brian Aly,*
*Plaintiff,*

*v.*

*Apple Inc.,*
*Defendant.*

# PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT APPLE INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Brian Aly requests that Defendant Apple Inc. produce the following documents within the time required by the Federal Rules of Civil Procedure and any applicable scheduling order.

## Definitions and Instructions

1. "Plaintiff" means Brian Aly.
2. "Defendant" or "Apple" means Apple Inc., including its employees, agents, representatives, attorneys, recruiters, managers, human resources personnel, People team personnel, employee relations personnel, and any other persons acting on its behalf.
3. "Document" and "documents" shall have the broadest meaning permitted under Rule 34 and include, without limitation, emails, text messages, Slack messages, Teams messages, instant messages, memoranda, notes, spreadsheets, presentations, PDFs, screenshots, internal system records, database exports, HRIS records, ATS records, compensation records, performance records, employee relations records, calendars, meeting notes, draft documents, and electronically stored information.
4. "Communication" means any oral, written, electronic, or digital communication, including emails, messages, chats, memoranda, notes, meeting invitations, meeting notes, and internal system comments.
5. "Internal Classification" means any internal job family, job code, job profile, role code, level, career track, business title, system title, compensation classification, benchmarking classification, or HR designation assigned to Plaintiff or to the position for which Plaintiff was recruited or hired.
6. "Relevant Period" means July 1, 2025 through April 30, 2026, unless a specific request states otherwise. For requests concerning Apple policies, job architecture, classification frameworks, comparator evidence, retention practices, or preservation obligations, the applicable period shall be the period stated in the specific request or, if no period is stated, the period reasonably necessary to respond to the request.

7. If Defendant withholds any document on the basis of privilege, work product, or any other protection, Defendant shall provide a privilege log identifying the document, date, author, recipients, general subject matter, and basis for withholding.

8. ESI should be produced in a reasonably usable format. Spreadsheets, database exports, HRIS exports, ATS exports, compensation records, and other structured data should be produced in native format where reasonably practicable. Emails, messages, and other communications should be produced with reasonably available metadata, including sender, recipient, date, time, subject, thread information, attachments, and attachment parent-child relationships.

9. If Defendant contends that any request is overbroad, burdensome, or not proportional, Plaintiff requests that Defendant produce the non-objectionable portion of responsive documents and identify the nature of any documents withheld.

# Requests for Production

## Recruiting, Offer, and Candidate-Facing Representations

Request No. 1: Produce documents sufficient to show the job requisition, candidate-facing title, internal title, job family, job code, job profile, level, business unit, reporting line, and hiring manager for the position for which Plaintiff was recruited and hired.

Request No. 2: Produce all documents provided, shown, sent, or made available to Plaintiff during the recruiting, interview, offer, or onboarding process that described the position for which Plaintiff was recruited or hired, including job descriptions, interview materials, role descriptions, recruiting materials, offer materials, onboarding materials, and any related attachments.

Request No. 3: Produce all nonprivileged communications between Plaintiff and any Apple employee, recruiter, hiring manager, interviewer, HR personnel, or People team personnel concerning Plaintiff's recruiting, interviews, offer, role, title, responsibilities, compensation, start date, internal classification, or employment with Apple.

Request No. 4: Produce documents sufficient to show the internal approvals required before Plaintiff's written offer was issued, including approvals relating to headcount, compensation, equity, level, job family, job code, job profile, business title, internal classification, reporting line, and offer terms.

Request No. 5: Produce all nonprivileged communications among recruiters, hiring managers, interviewers, compensation personnel, HR personnel, People team personnel, or other Apple personnel concerning Plaintiff's role title, job family, level, job code, job profile, internal classification, compensation, equity, or offer before Plaintiff accepted Apple's offer.

**Pre-Offer Internal Classification and Approval**

Request No. 6: Produce documents sufficient to show when Plaintiff's internal job family, job code, job profile, level, role code, business title, system title, or internal classification was first selected, entered, approved, modified, or finalized.

Request No. 7: Produce documents sufficient to identify each person who selected, entered, reviewed, approved, modified, or maintained Plaintiff's internal classification.

Request No. 8: Produce documents sufficient to show whether any alternative internal classification, job family, job code, job profile, level, role code, business title, or system title was considered for Plaintiff or for the position for which Plaintiff was recruited or hired.

Request No. 9: Produce documents sufficient to show any change history, audit history, approval history, system history, or record of edits concerning Plaintiff's internal classification, including any changes to job family, job code, job profile, business title, system title, level, role code, compensation classification, manager, team, or reporting line in any Apple HR, recruiting, compensation, personnel, or employee-management system.

**Classification Framework and Materiality**

Request No. 10: Produce documents sufficient to show the meaning, purpose, and use of the "ML Data Scientist ICT4" classification during the Relevant Period, including documents concerning leveling, competencies, evaluation criteria, promotion criteria, compensation benchmarking, career progression, and professional positioning.

Request No. 11: Produce documents sufficient to show the meaning, purpose, and use of Apple's Product Manager job track or tracks applicable to corporate, technical, or services product management roles during the Relevant Period, including documents concerning leveling, competencies, evaluation criteria, promotion criteria, compensation benchmarking, career progression, and professional positioning.

Request No. 12: Produce documents sufficient to show any relationship, mapping, crosswalk, equivalency, or distinction between the candidate-facing title "Product Manager" and the internal classification "ML Data Scientist ICT4" during the Relevant Period.

Request No. 13: Produce documents sufficient to show whether Apple Product Manager and ML Data Scientist roles were evaluated, leveled, compensated, benchmarked, promoted, or managed under the same or different frameworks during the Relevant Period, including any documents describing distinctions, mappings, equivalencies, overlaps, or differences between those roles, job families, job profiles, levels, career tracks, compensation frameworks, evaluation criteria, promotion criteria, or performance-management frameworks.

Request No. 14: Produce documents sufficient to show Apple's policies, practices, or guidelines concerning the use of candidate-facing titles, business titles, system titles, job families, job codes, job profiles, internal classifications, and career tracks during recruiting, hiring, onboarding, evaluation, promotion, and compensation processes.

**Plaintiff's Concerns and Apple's Response**

Request No. 15: Produce all nonprivileged communications concerning Plaintiff's written or oral concerns, complaints, questions, or objections regarding any discrepancy between the role represented to Plaintiff and Plaintiff's internal classification.

Request No. 16: Produce all nonprivileged communications concerning Plaintiff's February 2, 2026 written inquiry, including any communications discussing how Apple should respond to Plaintiff's inquiry.

Request No. 17: Produce all documents concerning any request, discussion, evaluation, recommendation, or decision about changing, correcting, maintaining, explaining, or refusing to change Plaintiff's internal classification, job family, job code, job profile, title, level, or role designation.

Request No. 18: Produce all nonprivileged communications referring or relating to Plaintiff's judgment, professionalism, conduct, credibility, attitude, communications, or behavior in connection with Plaintiff's concerns about his role, title, or internal classification.

**Termination Decision and Retaliation Timeline**

Request No. 19: Produce all nonprivileged communications concerning whether Plaintiff should remain employed, be terminated, be separated from employment, be disciplined, be coached, be warned, or be subject to any employment action, from January 15, 2026 through February 15, 2026.

Request No. 20: Produce documents sufficient to show when Plaintiff's termination was first discussed, considered, recommended, approved, finalized, or communicated, including the identity of each person involved in that process.

Request No. 21: Produce all documents reflecting the reasons for Plaintiff's termination, including draft termination documents, final termination documents, talking points, meeting notes, internal summaries, HR notes, employee relations notes, approval-chain communications, manager notes, and any documents Apple contends support the termination decision.

Request No. 22: Produce all documents concerning any Decision Review process, employee relations review, HR review, legal review, escalation process, or similar internal process relating to Plaintiff's termination.

Request No. 23: Produce all nonprivileged communications from February 1, 2026 through February 3, 2026 concerning Plaintiff, Plaintiff's written inquiry, Plaintiff's internal classification, Plaintiff's performance, Plaintiff's conduct, or Plaintiff's termination.

**Performance, Objectives, Expectations, and Pretext**

Request No. 24: Produce all documents concerning Plaintiff's onboarding, training, objectives, expectations, assignments, projects, deliverables, manager expectations, performance criteria, or success metrics.

Request No. 25: Produce all documents concerning Plaintiff's performance, including positive feedback, negative feedback, coaching, warnings, evaluations, manager notes, peer feedback,

disciplinary discussions, performance concerns, performance-improvement discussions, or any consideration of a performance improvement plan.

Request No. 26: Produce all documents reflecting any alleged performance deficiency, conduct issue, judgment issue, communication issue, or failure to meet expectations identified before Plaintiff's February 2, 2026 written inquiry, including documents showing when the issue was first identified, who identified it, whether it was communicated to Plaintiff, and whether any corrective action was proposed.

Request No. 27: Produce all documents Apple contends support any assertion that Plaintiff failed to meet objectives or expectations, failed to perform adequately, engaged in improper conduct, exercised poor judgment, violated policy, or otherwise gave Apple a legitimate reason to terminate his employment.

**Custodians, Systems, Preservation, and ESI**

Request No. 28: Produce documents sufficient to identify all custodians whose documents or ESI Apple has searched, intends to search, or believes may contain responsive documents concerning Plaintiff's recruiting, hiring, internal classification, complaints, performance, conduct, termination, damages, or defenses.

Request No. 29: Produce documents sufficient to identify all systems, repositories, databases, or platforms likely to contain responsive documents concerning Plaintiff's recruiting, hiring, internal classification, complaints, performance, conduct, or termination, including any applicant tracking system, HRIS, compensation system, performance-management system, employee-relations system, email system, Slack, Teams, shared drive, document-management system, or internal Apple tool.

Request No. 30: Produce documents sufficient to show the nonprivileged preservation steps taken with respect to documents and ESI concerning Plaintiff's recruiting, hiring, internal classification, complaints, performance, conduct, termination, damages, or defenses, including the date any preservation instruction was issued, the custodians or systems covered, and the categories of documents preserved.

Request No. 31: Produce documents sufficient to show Apple's retention policies, deletion policies, auto-deletion settings, export capabilities, and preservation practices for email, Slack, Teams, applicant tracking systems, HRIS systems, compensation systems, employee-relations systems, and performance-management systems during the Relevant Period.

**Comparator and Organizational Evidence**

Request No. 32: Produce documents sufficient to identify employees hired, transferred, assigned, or placed between January 1, 2024 and March 31, 2026 into Apple Product Manager, ML Data Scientist, or materially similar product management, data science, machine learning, or ads/product roles, including roles within Apple Ads and other Apple services or technical product organizations, showing for each employee: candidate-facing title, offer title, business title, internal title, internal job family, job code, job profile, level, manager, team or organization, reporting line, and whether the employee's internal classification differed from the

recruiting, candidate-facing, offer, or business title. Names may initially be replaced with unique identifiers.

Request No. 33: Produce documents sufficient to show whether any employees identified in response to Request No. 32 were recruited, hired, evaluated, compensated, benchmarked, promoted, managed, or placed under a Product Manager framework, ML Data Scientist framework, or another internal job framework, including documents sufficient to show the applicable job family, job profile, level, career track, evaluation criteria, promotion criteria, compensation framework, benchmarking framework, and performance-management framework for each such employee. Names may initially be replaced with unique identifiers.

Request No. 34: Produce documents sufficient to show whether any employee identified in response to Request No. 32 raised any concern, complaint, question, objection, escalation, or request for clarification regarding any discrepancy between a recruiting title, candidate-facing title, offer title, business title, internal title, internal classification, job family, job code, job profile, level, career track, evaluation framework, compensation framework, or performance-management framework, and documents sufficient to show any action Apple took in response. Names may initially be replaced with unique identifiers.

**Policies and Practices**

Request No. 35: Produce documents sufficient to show Apple's policies, practices, or guidelines during the Relevant Period concerning employee complaints, internal escalation, retaliation, whistleblower complaints, HR investigations, employee relations review, performance management, discipline, termination approval, and separation decisions.

Request No. 36: Produce documents sufficient to show Apple's policies, practices, or guidelines during the Relevant Period concerning the disclosure of job title, business title, internal title, job family, job code, job profile, level, internal classification, compensation benchmarking, or career track to candidates or employees.


Dated: May 15, 2026

By: _/s/ Brian Aly_

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu
_Plaintiff pro se_

## CERTIFICATE OF SERVICE

I certify that on May 15, 2026, I served Plaintiff's First Requests for Production to Defendant Apple Inc. by email on counsel for Defendant.

*/s/ Brian Aly*

# EXHIBIT B

## Plaintiff's First Set of Interrogatories to Defendant Apple Inc.

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

*Brian Aly,*
*Plaintiff,*

*v.*

*Apple Inc.,*
*Defendant.*

# <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC.</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff Brian Aly serves the following First Set of Interrogatories on Defendant Apple Inc.

## <u>Definitions and Instructions</u>

1. "Plaintiff" means Brian Aly.
2. "Defendant" or "Apple" means Apple Inc., including its employees, agents, representatives, attorneys, recruiters, managers, human resources personnel, People team personnel, employee relations personnel, and any other persons acting on its behalf.
3. "Identify," when referring to a person, means to state the person's full name, current or last-known job title, department or organization, role in the events at issue, and current or last-known business contact information, to the extent known or reasonably available.
4. "Identify," when referring to a document or category of documents, means to state the document or category of documents, the general subject matter, date range, custodian, location or system where maintained, and whether the document or category is being withheld, produced, or searched.
5. "Identify," when referring to a system, repository, platform, or database, means to state the name of the system, repository, platform, or database; its general purpose; the type of information maintained therein; the custodian, administrator, or business owner; and whether it may contain information relevant to Plaintiff's recruiting, hiring, internal classification, complaints, performance, conduct, termination, damages, or Defendant's defenses.
6. "Document" and "documents" shall have the broadest meaning permitted under Rule 34 and include, without limitation, emails, text messages, Slack messages, Teams messages, instant messages, memoranda, notes, spreadsheets, presentations, PDFs, screenshots, internal system records, database exports, HRIS records, ATS records, compensation records,

performance records, employee relations records, calendars, meeting notes, draft documents, and electronically stored information.

7. "Communication" means any oral, written, electronic, or digital communication, including emails, messages, chats, memoranda, notes, meeting invitations, meeting notes, and internal system comments.

8. "Internal Classification" means any internal job family, job code, job profile, role code, level, career track, business title, system title, compensation classification, benchmarking classification, or HR designation assigned to Plaintiff or to the position for which Plaintiff was recruited or hired.

9. "Relevant Period" means July 1, 2025 through April 30, 2026, unless a specific interrogatory states otherwise.

10. These interrogatories are continuing in nature. Defendant must supplement or correct its responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

11. If Defendant objects to any interrogatory, Defendant shall state the specific grounds for the objection and answer the non-objectionable portion.

12. If Defendant withholds information on the basis of privilege, work product, or any other protection, Defendant shall identify the nature of the information withheld in a manner sufficient to allow Plaintiff to assess the claim of privilege or protection.

## Interrogatories

Interrogatory No. 1: Identify each person who participated in recruiting, interviewing, evaluating, communicating with, or making recommendations concerning Plaintiff before Plaintiff accepted Apple's offer of employment, and describe each person's role in that process.

Interrogatory No. 2: Identify each person who participated in selecting, approving, entering, reviewing, modifying, maintaining, or communicating Plaintiff's internal job family, job code, job profile, level, role code, business title, system title, compensation classification, benchmarking classification, or other Internal Classification.

Interrogatory No. 3: Identify each person who participated in approving Plaintiff's offer of employment, including any approval relating to headcount, compensation, equity, level, job family, job code, job profile, internal classification, reporting line, or offer terms.

Interrogatory No. 4: Identify each person who received, reviewed, discussed, responded to, or was otherwise involved in Plaintiff's written or oral concerns, complaints, questions, or objections regarding any discrepancy between the role represented to Plaintiff and Plaintiff's Internal Classification.

Interrogatory No. 5: Identify each person who participated in considering, recommending, approving, communicating, or implementing Plaintiff's termination or separation from employment.

Interrogatory No. 6: Identify each person who has knowledge of facts concerning Plaintiff's onboarding, training, objectives, expectations, assignments, projects, deliverables, manager

expectations, performance criteria, success metrics, performance, alleged performance deficiencies, alleged conduct issues, or alleged failure to meet expectations.

Interrogatory No. 7: Identify each system, repository, database, platform, or internal Apple tool that may contain documents or electronically stored information concerning Plaintiff's recruiting, hiring, internal classification, complaints, performance, conduct, termination, damages, or Defendant's defenses.

Interrogatory No. 8: Identify each custodian whose documents or electronically stored information Apple has searched, intends to search, or believes may contain responsive documents concerning Plaintiff's recruiting, hiring, internal classification, complaints, performance, conduct, termination, damages, or Defendant's defenses.

Interrogatory No. 9: Identify the categories of documents Apple contends support its stated reasons for Plaintiff's termination, including the custodian, location, system, or repository where each category of documents is maintained.

Interrogatory No. 10: Identify the categories of documents Apple contends support its position that Plaintiff's "ML Data Scientist ICT4" classification was the proper or applicable internal classification for the role for which Plaintiff was recruited or hired, including the custodian, location, system, or repository where each category of documents is maintained.

Interrogatory No. 11: Identify the categories of documents Apple contends support its position that Product Manager and ML Data Scientist roles, job families, job profiles, levels, career tracks, compensation frameworks, evaluation criteria, promotion criteria, or performance-management frameworks were the same, equivalent, overlapping, or materially similar as applied to Plaintiff's role or comparable Apple roles.

Interrogatory No. 12: Identify the categories of documents Apple contends support any assertion that Plaintiff engaged in improper conduct, exercised poor judgment, violated policy, acted unprofessionally, or otherwise engaged in conduct that Apple contends contributed to or justified Plaintiff's termination.

Interrogatory No. 13: Identify each person Apple may rely on to support any defense that Plaintiff failed to mitigate damages, did not rely on Apple's alleged representations, suffered no damages, or is not entitled to the damages sought in this action.

Interrogatory No. 14: Identify the categories of documents Apple may rely on to support any defense that Plaintiff failed to mitigate damages, did not rely on Apple's alleged representations, suffered no damages, or is not entitled to the damages sought in this action, including the custodian, location, system, or repository where each category of documents is maintained.

Interrogatory No. 15: Identify each person Apple may rely on to support any defense based on after-acquired evidence, alleged policy violations, alleged misconduct, alleged misrepresentations by Plaintiff, or alleged facts discovered after Plaintiff's termination.

Interrogatory No. 16: Identify the categories of documents Apple may rely on to support any defense based on after-acquired evidence, alleged policy violations, alleged misconduct, alleged

misrepresentations by Plaintiff, or alleged facts discovered after Plaintiff's termination, including the custodian, location, system, or repository where each category of documents is maintained.

Interrogatory No. 17: Identify any insurance agreement or other agreement under which another person or entity may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse Apple for payments made to satisfy a judgment.

Dated: May 15, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

## CERTIFICATE OF SERVICE

I certify that on May 15, 2026, I served Plaintiff's First Set of Interrogatories to Defendant Apple Inc. by email on counsel for Defendant.

*/s/ Brian Aly*

# EXHIBIT C

## May 15, 2026 email serving Plaintiff's First Requests for Production and First Set of Interrogatories.



**Aly, Brian <alybrian@wharton.upenn.edu>**

## Aly/Apple - Discovery

**Aly, Brian** <alybrian@wharton.upenn.edu>                                    Fri, May 15, 2026 at 4:16 PM
To: "Rodriguez, Melissa C." <melissa.rodriguez@morganlewis.com>
Cc: "alybrian1@outlook.com" <alybrian1@outlook.com>

Ms. Rodriguez,

Attached please find Plaintiff's First Requests for Production to Defendant Apple Inc. and Plaintiff's First Set of Interrogatories to Defendant Apple Inc.

Please let me know if you have any difficulty accessing the documents.

Separately, while I am proceeding with discovery, I remain open to discussing a negotiated resolution of this matter.

Have a great weekend.

Kind regards,
Brian Aly
[Quoted text hidden]

---

**2 attachments**

 **PLAINTIFF'S_FIRST_SET_OF_INTERROGATORIES_TO_DEFENDANT_APPLE_INC.pdf**
162K

 **PLAINTIFF'S_FIRST_REQUESTS_FOR_PRODUCTION_TO_DEFENDANT_APPLE_INC.pdf**
178K

# EXHIBIT D

June 15, 2026 email correspondence regarding Defendant's requested extension and Plaintiff's consent to the June 22, 2026 extended deadline.

    **Aly, Brian <alybrian@wharton.upenn.edu>**

---

## Aly/Apple

3 messages

---

**Rodriguez, Melissa C.** <melissa.rodriguez@morganlewis.com>    Mon, Jun 15, 2026 at 12:52 PM
To: "Aly, Brian" <alybrian@wharton.upenn.edu>, "alybrian1@outlook.com" <alybrian1@outlook.com>

Hi Mr. Aly,

Defendant is continuing to work on identifying responsive documents and individuals with relevant knowledge for its discovery responses. To facilitate fulsome responses, would Plaintiff agree to a one-week extension for Apple's responses to Plaintiff's Requests for Documents and Interrogatories, similar to the extension we gave for your responses?

Thank you.

**Melissa C. Rodriguez**

**Morgan, Lewis & Bockius LLP**

101 Park Avenue | New York, NY 10178-0060

Direct: +1.212.309.6394 | Main: +1.212.309.6000 | Fax: +1.212.309.6001

Assistant: Alphonso Valentin | +1.212.309.6105 | alphonso.valentin@morganlewis.com

melissa.rodriguez@morganlewis.com | www.morganlewis.com

    

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

---

**Aly, Brian** <alybrian@wharton.upenn.edu>    Mon, Jun 15, 2026 at 2:23 PM
To: "Rodriguez, Melissa C." <melissa.rodriguez@morganlewis.com>
Cc: "alybrian1@outlook.com" <alybrian1@outlook.com>

Ms. Rodriguez,

Plaintiff consents to Defendant's requested one-week extension for Apple's responses to Plaintiff's Requests for Production and Interrogatories.

Based on the current response deadline, Plaintiff understands Apple's extended deadline to be June 22, 2026. Please confirm.

This extension is granted without waiver of Plaintiff's rights, including the right to challenge any objections, deficiencies, or incomplete responses after service.

Kind regards,
Brian Aly

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu
[Quoted text hidden]

---

**Rodriguez, Melissa C.** <melissa.rodriguez@morganlewis.com>                    Mon, Jun 15, 2026 at 2:55 PM
To: "Aly, Brian" <alybrian@wharton.upenn.edu>
Cc: "alybrian1@outlook.com" <alybrian1@outlook.com>


Thank you, Mr. Aly.


**Melissa C. Rodriguez**

**Morgan, Lewis & Bockius LLP**

101 Park Avenue | New York, NY 10178-0060

Direct: +1.212.309.6394 | Main: +1.212.309.6000 | Fax: +1.212.309.6001

Assistant: Alphonso Valentin | +1.212.309.6105 | alphonso.valentin@morganlewis.com

melissa.rodriguez@morganlewis.com | www.morganlewis.com


   

---

**From:** Aly, Brian <alybrian@wharton.upenn.edu>
**Sent:** Monday, June 15, 2026 2:24 PM
**To:** Rodriguez, Melissa C. <melissa.rodriguez@morganlewis.com>
**Cc:** alybrian1@outlook.com
**Subject:** Re: Aly/Apple


[EXTERNAL EMAIL]

[Quoted text hidden]

# EXHIBIT E

Correspondence reflecting Defendant's June 18, 2026 activity regarding revisions to the parties' joint letter.



**Aly, Brian <alybrian@wharton.upenn.edu>**

## Aly/Apple: revised joint letter to Court

1 message

**Rodriguez, Melissa C.** <melissa.rodriguez@morganlewis.com>          Thu, Jun 18, 2026 at 11:47 AM
To: "Aly, Brian" <alybrian@wharton.upenn.edu>, "alybrian1@outlook.com" <alybrian1@outlook.com>
Cc: "Schwartz, Elizabeth A." <elizabeth.schwartz@morganlewis.com>

Mr. Aly,

Attached is the revised joint letter to the Court, with some proposed revisions reflected in track changes.  As you will see, we deleted a few sentences from your section because they are duplicative of the joint paragraph directly above.   Please let us know if you are OK with these revisions.  Once you confirm, we will finalize and submit by the July 2 deadline with the case management plan.

Thank you.

**Melissa C. Rodriguez**

**Morgan, Lewis & Bockius LLP**

101 Park Avenue | New York, NY 10178-0060

Direct: +1.212.309.6394 | Main: +1.212.309.6000 | Fax: +1.212.309.6001

Assistant: Alphonso Valentin | +1.212.309.6105 | alphonso.valentin@morganlewis.com

melissa.rodriguez@morganlewis.com | www.morganlewis.com

    

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

📄 **06326605_#168912210v8_Aly_Apple - Joint Letter Initial Pretrial Conference (Draft 6.9.26).docx**
   76K

# EXHIBIT F

## Defendant's First Set of Requests for Production to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff.

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

**UNITED STATES U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN ALY,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 1:26-cv-03262-AS |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF BRIAN ALY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Apple Inc. ("Defendant" or "Apple") requests that Plaintiff Brian Aly ("Plaintiff") respond to Defendant's First Set of Requests for Production of Documents to Plaintiff ("Requests") and produce all documents responsive to these Requests in the possession, custody, or control of Plaintiff or his attorney, accountant, or other representative, within thirty (30) days of service of these Requests on Plaintiff.  All documents shall either be produced for inspection or copying at the offices of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, or copies of the documents shall be served on counsel for Defendant at that address.

These Requests should be read, interpreted, and responded to in accordance with the definitions and instructions below, and in accordance with the Federal Rules of Civil Procedure and the Local Rules.  Each answer to these requests should be made in accordance with the detail required by these definitions and the Federal Rules of Civil Procedure and Local Rules.  Pursuant to Fed. R. Civ. P. 34(b), all documents shall be organized and labeled to correspond with the categories of documents requested below.

1

## **DEFINITIONS**

The following definitions apply to all Requests:

1.      The terms "all" and "each" shall be construed as all and each.

2.      The term "AI Tool" means any generative artificial intelligence, large language model, chatbot, AI-assisted drafting tool, AI-assisted research tool, AI-assisted summarization tool, AI-assisted translation/transcription tool, or AI-enabled platform capable of generating, revising, summarizing, classifying, analyzing, translating, transcribing, or organizing text, images, audio, video, documents, or data. This includes, without limitation, ChatGPT, Claude, Gemini, Copilot, Perplexity, Harvey, CoCounsel, Westlaw AI, Lexis+ AI, and any similar tool.

3.      The term "AI Use" means the use of an AI Tool to generate, draft, edit, revise, summarize, translate, transcribe, analyze, organize, search, classify, compare, calculate, or evaluate information. AI Use does not include ordinary spellcheck, grammar correction, formatting, deduplication, optical character recognition, or standard keyword search, unless the tool generated or materially altered substantive content.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      "The term "communication(s)" or "communicated" shall mean any manner or form of information, memoranda, notes or message transmissions, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, between two or more persons, whether made in person, by telephone or by other means, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication, including, but not limited to, documents, audio recordings, electronic or other computer generated mail, telephone or face-to-face conversations, or meetings.

2

6.      The terms "Complaint" and "this Action" shall mean the Complaint filed by the Plaintiff against Defendant in the above-entitled, on March 1, 2026, at Dkt. No. 7.

7.      The terms "concern" or "concerning" shall mean referring to, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating, or being in any way relevant to a given subject.

8.      The term "date" shall mean the exact day, month and year, if ascertainable; otherwise, the term "date" means the best available approximation, including relationships to other events.

9.      The term "Defendant" and "Apple" shall mean Apple Inc., as defined above, and any and all of its parents, subsidiaries, affiliates, joint ventures, predecessors and successors, and assigns, as well as its and its directors, officers, employees, divisions, past or present agents, representatives or other persons acting, or purporting to act, on behalf of it.

10.     The terms "document" or "documents" are used herein in their broadest possible meaning under Rule 26 and 34(a) of the Federal Rules of Civil Procedure and shall include any letter, email, correspondence, or communication of any sort; film, print or negative of photograph; sound recording or video recording; note, notebook, diary, calendar, or minutes; memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work, paper, or draft; computer output or input or data processing card; opinion or report of consultant or expert; request, order invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, charge, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, check book, stub, register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file,

3

study, graph, or tabulation; any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed; and any and all other data compilations from which information can be obtained or, if necessary, translated into reasonable usable form.  The term "document" also includes (a) the original and/or any non-identical copies, including those with any margin notes or comments, or showing additions, deletions, or substitutions; (b) drafts; (c) attachments to or enclosures with any document; and (d) every document referred to in any other document(s). "Person" and "persons" as used herein means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

11.    The term "ESI" shall mean all electronically stored information, including without limitation computer files, electronic mail, information on social media or other websites (e.g., Facebook, Instagram, X (f/k/a Twitter), blogs), information stored on "smart" or other internet and text capable cellular phone or tablet device (e.g., iPad), and any other discoverable internet data. ESI includes native file formats without alteration or deletion of any associated information, like metadata.

12.    The term "person" shall include all natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, or any other group or combination acting as an entity.

13.    The terms "relate" or "relating" shall mean concerning, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating, or being in any way relevant to a given subject. By way of further explanation, these terms mean, without limitation,

4

any reference or relationship that either (1) provides information with respect to the subject inquiry; or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

14.     The terms "you," "your," and "Plaintiff" refer to Plaintiff Brian Aly, his present or former attorneys, agents, servants, relatives, representatives, and all other persons acting or purporting to act on behalf of Plaintiff Brian Aly.

15.     The use of the singular form of any word includes the plural and vice versa. Similarly, where the pronouns he, she, his or her are used, they shall include both genders.

## INSTRUCTIONS

1.     In responding to these Requests, furnish all information or documents which are available, including information or documents in the possession, custody or control of your attorneys, representatives, employees, agents, or investigators, and not merely such information or documents held by you. If you are unaware of the existence of any documents responsive to a request, you should expressly so state.

2.     If you object to the production of any document, or subpart thereof, you shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived. No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request. If you object to the production of any document requested below, or if you withhold from production any document encompassed by these requests, you shall set forth the following information:

   (a) The identity of the document withheld and the legal bases for withholding it;

   (b) The identity of the author, signor, addressee, recipient, and any copied recipient(s) of the withheld document;

5

(c) The date on which the document was prepared or created; and

(d) A summary of the document's contents.

3.      If you object to the production of any document, or subpart thereof, on the grounds of privilege, and any document is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed with respect to each such document. If the privilege is being asserted in connection with a claim or defense governed by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked. You shall provide a statement signed and verified by your attorney which sets forth as to each document that is withheld on a claim of privilege the following information:

(a) The name and address of the person(s) who possess or control the document and each copy of the document;

(b) The name of the author of the document;

(c) The name of the sender of the document if different from the author;

(d) The name of the person(s) to whom copies were sent or otherwise made available;

(e) The name of any person(s) known to have seen or have possession of a copy of the document if not identified above;

(f) The business affiliation and job title of every person named in (a) – (e) above;

(g) The date of the document;

(h) A brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and

(i) The bases for the privilege claim.

4.      If any document that would have been responsive to the requests herein has been destroyed or is no longer in your possession, custody, or control, provide the following information:

(a) The date of the document;

(b) The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

(c) The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left Plaintiff's possession, custody, or control; and

(d) The circumstances surrounding the loss of the document or the reason for its destruction.

5.      In accordance with Fed. R. Civ. P. 34, you must produce documents, except ESI, as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.  Please produce ESI in its native file format without alteration or deletion of any associated information, e.g., metadata.

6.      Each of the following requests is continuing in nature.  Accordingly, if after producing any documents, Plaintiff, or any other person acting on Plaintiff's behalf, obtains, or becomes aware of additional information or documents pertaining to any request for production, Plaintiff is required, pursuant to Fed. R. Civ. P. 26(e), to provide such information or documents, by way of supplemental responses.  Such supplemental responses are to be made and served upon Defendant within thirty (30) days after Plaintiff receives or becomes aware of such information or documents, but no later than one (1) week prior to the date of any trial or hearing in this Action.

7.      Compliance with the Genetic Information Nondiscrimination Act.  The Genetic Information Nondiscrimination Act of 2008 ("GINA") prohibits employers and other entities covered

7

by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law.  To comply with this law, we are asking that you not provide any genetic information when responding to these Requests.  "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or individual's family member receiving assistive reproductive services.

8.      Except where otherwise noted, these Requests are limited to the time period January 1, 2025 through the present.

### REQUESTS FOR PRODUCTION

1.      All documents that you referred to in the Complaint, to the extent not attached.

2.      All documents concerning any admission or statement made by the Defendant, or any of its agents or representatives, that relates to the Complaint and you contend is against Defendant's interests.

3.      All documents concerning any communication between you and any person regarding the claims and/or allegations in the Complaint and/or Defendant's defenses.

4.      All documents created using a public large language model (i.e. ChatGPT, Claude, Copilot, etc.) concerning Plaintiff's Complaint and the allegations therein and/or Defendant's defenses.

5.      All documents sufficient to identify each AI Tool used by Plaintiff, or by any non-attorney acting at Plaintiff's direction, during the Relevant Period for any AI Use concerning any Relevant Topic, including the name of the AI Tool, the account or user through which it was accessed, the approximate dates of use, and the general purpose of the use.

6.      All documents concerning all retained prompts, queries, uploaded materials, chat histories, responses, outputs, exports, screenshots, transcripts, or other records of AI Use during the Relevant Period that concern Plaintiff's Complaint and the allegations therein and/or Defendant's defenses.

7.      For each pleading, declaration, affidavit, discovery response, Rule 26 disclosure, damages computation, demand letter, agency filing, or other factual statement by Plaintiff concerning this Action that was drafted, revised, translated, summarized, or materially edited using an AI Tool, produce the original version, the AI-assisted version, the final version, and any retained prompts or outputs reflecting the AI Use.

8.      All documents concerning AI-generated or AI-assisted chronologies, timelines, summaries, witness lists, issue lists, factual narratives, document summaries, communication summaries, or event summaries concerning any Plaintiff's Complaint and the allegations therein and/or Defendant's defenses.

9.      All documents reflecting AI Use concerning Plaintiff's alleged damages, injuries, mitigation, lost wages, lost profits, emotional distress, medical expenses, attorneys' fees, interest, or other requested relief, including any retained prompts, outputs, calculations, summaries, tables, spreadsheets, or explanatory materials.

10.      All documents concerning any AI Use to create, alter, enhance, reconstruct, translate, transcribe, summarize, or analyze any document, image, audio file, video file, message, social-media content, or other evidence that Plaintiff has produced, identified, cited, or may rely upon in this Action.

9

11.     All documents identifying any document, statement, discovery response, disclosure, declaration, affidavit, exhibit, or other material served, filed, produced, or relied upon by Plaintiff in this Action that contains AI-generated or AI-assisted substantive content.

12.     All documents identified or referred to in your responses to Defendant's First Set of Interrogatories Directed to Plaintiff or Initial Disclosures, dated May 8, 2026.

13.     All documents reviewed, relied upon, or referred to in the preparation of your responses to any document requests served by Defendant.

14.     All documents concerning any statements, declarations, or affidavits obtained by you or by others on your behalf relating to any of the claims and/or allegations in the Complaint and/or Defendant's defenses.

15.     All notes, diaries, journals, calendars, or similar documents or recordings (including, but not limited to, blogs, social media and/or other online content) related to the allegations in the Complaint and/or Defendant's defenses.

16.     All physical evidence that tends to support or tends to refute any of your claims or any defense asserted by Defendant.

17.     All documents that relate to the terms and conditions of your employment with Defendant, including, without limitation, applications, offer letters, employment agreements, documents relating to your job duties and responsibilities, compensation and benefits, job performance (including, without limitation, any performance evaluations, commendations, promotions, or discipline), and/or separation from employment.

18.     All documents concerning any job you applied to, other than Apple, from January 1, 2025 through present, including, but not limited to, job applications to prospective employers and

10

communications with prospective employers discussing any applications, interviews, job offers, or rejections, whether sent and received by you or on your behalf.

19.    All documents that refute that you minimized or mitigated your alleged damages.

20.    All documents that relate to the amount and sources of income received by you or accruing to you, including, without limitation, your federal and state income tax forms, W-2 forms, payroll check stubs, and any documents reflecting unemployment compensation that you have collected from January 1, 2025 to the present.

21.    All communications between you and Defendant (or any of its agents) relating or referring to your employment with Defendant, the claims and/or allegations in the Complaint and/or Defendant's defenses.

22.    All documents concerning any communication (written or oral) involving you and any current or former employees of Defendant relevant or relating to the claims and/or defenses in this Action, including all documents responding to such communications.

23.    All documents concerning or otherwise evidencing the damages that you allege to have sustained or to any other relief you are seeking in this Action, including, but not limited to, any documents describing the method you used to calculate or establish the amount of such damages or relief.

24.    All documents that relate to any litigation, charge, complaint or action, other than this Action brought by you against Defendant, before any federal, state, or local agency or court against any of your present or past employers, prospective employers, or any other individual or entity, which relates to your employment, employment termination or rejection for employment.

11

25.    All documents relating to any internal complaints and/or reports made by you during your employment with Apple, including, but not limited to, documents relating to any investigation thereof.

26.    All documents relating to the leave you claim to have taken from any graduate school program in reliance of the position at Apple, including all documents concerning any attempt to re-enter the program.

27.    All communications between you and the Wharton MBA program you claim to have taken leave from concerning your participation and enrollment in the program in 2025 and 2026.

28.    All transcripts from the Wharton MBA program you claim to have taken leave from in reliance of the position at Apple.

29.    All documents concerning your online profiles, postings, messages (including, without limitation, direct messages, status updates, comments, groups joined, activity streams and blog entries), photographs, videos, and online communications, including those on social media websites (including, without limitation, Facebook,[1] LinkedIn,[2] Instagram, Snapchat, and X (formerly known as Twitter[3])), relating to the claims and/or allegations in the Complaint and/or Defendant's defenses.

30.    All documents concerning your claim related to "Defendant's written representations regarding the nature of Plaintiff's role, Plaintiff's reasonable reliance on those representations, and

---

[1] Facebook will no longer supply information in response to a release.  Instead, Facebook has added a function allowing users to easily download and produce their information: Under "Account Settings", click on "Download a copy of your Facebook data" and then "Start My Archive."  Defendant requests this information in unaltered electronic format either via email or on CD.

[2] Please submit the completed LinkedIn authorization form attached hereto as Exhibit A.

[3] X has a function allowing users to easily download and produce their information: Under "Account Settings," click "Request your archive," and X will email a download link.  Defendant requests this information in unaltered electronic format either via email or on CD.

Plaintiff's termination shortly after raising written concerns," as alleged in Paragraph III(A)(1) of the Complaint.

31.    All documents concerning your claim that "[i]n Fall 2025, Defendant recruited Plaintiff for a position titled "Product Manager – Apple Ads Campaign Optimization," as alleged in Paragraph III(A)(3) of the Complaint.

32.    All documents concerning your claim that "[t]he outreach materials, interview process, and written offer letter identified the position as 'Product Manager,'" as alleged in Paragraph III(A)(4) of the Complaint.

33.    All documents concerning your claim that "Plaintiff accepted the offer in reliance on that [role] designation," as alleged in Paragraph III(A)(6) of the Complaint.

34.    All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff…[t]ook a leave of absence from the Wharton MBA program," as alleged in Paragraph III(A)(7) of the Complaint.

35.    All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff… [f]orgoed participation in structured MB recruiting," as alleged in Paragraph III(A)(7) of the Complaint.

36.    All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff … [d]eclined or did not pursue alternative employment opportunities," as alleged in Paragraph III(A)(7) of the Complaint.

37.    All documents concerning your claim that [i]In reliance on the written offer and role designation, Plaintiff … [c]omitted to full-time employment with Defendant," as alleged in Paragraph III(A)(7) of the Complaint.

13

38.     All documents concerning your claim that "[t]hese reliance decisions were foreseeable and reasonable," as alleged in Paragraph III(A)(8) of the Complaint.

39.     All documents concerning your claim that "[w]ithin approximately one week of starting employment, Plaintiff discovered that Defendant had formally classified his position within its internal HR system as 'ML Data Scientist ICT4,'" as alleged in Paragraph III(A)(10) of the Complaint.

40.     All documents concerning your claim that "[t]he ML Data Scientist job track is a distinct and formally recognized career path within Defendant's organization, with separate leveling, evaluation, benchmarking, and professional positioning frameworks from the Product Manager track," as alleged in Paragraph III(A)(11) of the Complaint.

41.     All documents concerning your claim that you "promptly raised the discrepancy in writing, referencing the written offer letter and his reliance upon it," as alleged in Paragraph III(A)(13) of the Complaint.

42.     All documents concerning your claims that "Defendant informed Plaintiff that the internal job classification would not be changed" and "further indicated that if Plaintiff did not accept the internal classification, he could 'move on,'" as alleged in Paragraphs III(A)(14) and (15) of the Complaint.

43.     All documents concerning your claim that "Plaintiff created substantive work product relevant to the team's objectives," as alleged in Paragraph III(A)(17) of the Complaint.

44.     All documents concerning your claim that "Plaintiff received informal positive feedback from colleagues regarding his work product," as alleged in Paragraph III(A)(18) of the Complaint.

45.     All documents concerning your claim that "[o]n February 2, 2026, Plaintiff sent a written inquiry seeking clarification as to whether Defendant was unwilling to align the internal job classification with the role identified in the written offer letter," as alleged in Paragraph III(A)(21) of the Complaint.

46.     All documents concerning your claim that "[w]ithin hours of that written communication, Defendant informed Plaintiff that his employment would be terminated," as alleged in Paragraph III(A)(24) of the Complaint.

47.     All documents concerning your claim that "[d]uring the termination meeting, Defendant referenced Plaintiff's written communications regarding the role discrepancy as reflecting 'bad judgment,'" as alleged in Paragraph III(A)(27) of the Complaint.

48.     All documents concerning your claim that "Plaintiff has actively mitigated damages by applying for comparable employment opportunities and engaging in ongoing job search efforts," as alleged in Paragraph III(A)(30) of the Complaint.

49.     All documents concerning your claim that "Defendant refused to provide Plaintiff with the role designation described in the written offer letter," as alleged in Paragraph III(B)(6) of the Complaint.

50.     All documents concerning your claim that "[a]t the time Defendant issued the written offer letter, Defendant had determined that Plaintiff would be formally classified within its internal HR system under the ML–Data Scientist job track," as alleged in Paragraph III(B)(3) of the Complaint.

51.     All documents not otherwise responsive to any other request concerning this Action but relate to or concern the allegations contained in the Complaint, the damages you seek, or the defenses asserted by Defendant.

Dated: May 8, 2026

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Melissa C. Rodriguez*

Melissa C. Rodriguez
Elizabeth A. Schwartz
101 Park Avenue
New York, NY 10178-0060
+1.212.309.6000
+1.212.309.6001
melissa.rodriguez@morganlewis.com
elizabeth.schwartz@morganlewis.com

*Counsel for Defendant*

16

**EXHIBIT A**

## CONSENT & AUTHORIZATION TO PRODUCE LINKEDIN ACCOUNT INFORMATION

I, the undersigned, am the holder of an account with Linkedln Corporation ("Linkedln") in the name set forth below associated with the email address also set forth below ("Account"). I understand that information related to my Account is being sought in connection with the attached discovery requests or other process ("Requests").

I hereby certify that I am the owner of the Account for which records are requested.

I consent and authorize Linkedln to produce to the issuer of the Requests any and all information related to the Account including but not limited to information about my identity, address, telephone number, alternative email address, my billing information, my online activities, my connections, my postings, my communications and the contents of all other electronic files maintained by Linkedln related to me and/or my Account.

I have read and understand the contents of the Consent & Authorization to Produce Linkedln Account Information.

I agree to hold harmless and do forever hold harmless Linkedln for the disclosure of such information and do forever waive on my behalf, and on behalf of my heirs and assigns, any and all claims resulting from Linkedln's disclosure of any information related to me or my Account pursuant to this consent.

**Section 1542 Waiver. I UNDERSTAND THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.** Furthermore, in giving the releases set forth in this Agreement, which include claims which may be unknown to me at present, I acknowledge that I have read and understand Section 1542 of the California Civil Code which reads as follows: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."** I hereby expressly waive and relinquish all rights and benefits under that section and any law or legal principle of similar effect in any jurisdiction with respect to my release of claims herein, including but not limited to the release of unknown and unsuspected claims.

Account Holder Name: _____

Email Address Associated with Linkedln Account: _____

Account Holder Signature: _____ Date: _____

**In order for this consent to be effective, the Account holder must (a) sign this certificate, (b) have it notarized as set forth below, and (c) provide the signed and notarized certificate to Linkedln Corporation; 2029 Stierlin Court; Mountain View, CA 94043, attention: Legal.**

17

**ACKNOWLEDGMENT**

State of _____

County of _____

On _____before me, _____ (insert name and title of the officer) personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I declare under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ **(Seal)**

*Please send completed, signed and notarized form via certified mail or overnight courier to LinkedIn Corporation, 2029 Stierlin Ct., Mountain View, CA 94043*

18

## CERTIFICATE OF SERVICE

I, Elizabeth A. Schwartz, hereby certify that on May 8, 2026, a true and correct copy of the foregoing Defendant Apple Inc.'s First Set of Requests for Production of Documents Directed to Plaintiff Brian Aly was served via email and Federal Express upon Plaintiff at the following address:

Brian Aly
595 Pavonia Avenue
Jersey City, NJ 07306
alybrian1@outlook.com
alybrian@wharton.upenn.edu

*Plaintiff*

/s/ *Elizabeth A. Schwartz*
Elizabeth A. Schwartz

19

**UNITED STATES U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BRIAN ALY,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 1:26-cv-03262-AS |

### DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES
### <u>DIRECTED TO PLAINTIFF BRIAN ALY</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Apple Inc. ("Defendant" or "Apple") requests that Plaintiff Brian Aly ("Plaintiff") answer Defendant's First Set of Interrogatories Directed to Plaintiff Brian Aly ("Interrogatories") fully, in writing and under oath, and serve his answers upon the undersigned counsel for Defendant at the offices of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY, 10178 within thirty (30) days of the service of these Interrogatories.

These Interrogatories should be read, interpreted and responded to in accordance with the definitions and instructions below, and in accordance with the Federal Rules of Civil Procedure and the Local Rules. Each answer to these Interrogatories should be made in accordance with the detail required by these definitions and the Federal Rules of Civil Procedure and Local Rules.

### <u>DEFINITIONS</u>

The following definitions apply to all Interrogatories:

1.      The terms "all" and "each" shall be construed as all and each.

2.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The term "communication(s)" or "communicated" shall mean any manner or form of information, memoranda, notes or message transmissions, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, between two or more persons, whether made in person, by telephone or by other means, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication, including, but not limited to, documents, audio recordings, electronic or other computer generated mail, telephone or face-to-face conversations, or meetings.

4.      The terms "Complaint" and "this Action" shall mean the Complaint filed by the Plaintiff against Defendant in the above-entitled case, on March 1, 2026, at Dkt. No. 7.

5.      The terms "concern" or "concerning" shall mean referring to, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating, or being in any way relevant to a given subject.

6.      The term "date" shall mean the exact day, month and year, if ascertainable; otherwise, the term "date" means the best available approximation, including relationships to other events.

7.      The terms "Defendant" and "Apple" shall mean  Apple Inc., as defined above, and any and all of its parents, subsidiaries, affiliates, joint ventures, predecessors and successors, and assigns, as well as its and its directors, officers, employees, divisions, past or present agents, representatives or other persons acting, or purporting to act, on behalf of it.

8.      The terms "document" or "documents" are used herein in their broadest possible meaning under Rule 26 and 34(a) of the Federal Rules of Civil Procedure and shall include any letter, email, correspondence, or communication of any sort; film, print or negative of photograph;

sound recording or video recording; note, notebook, diary, calendar, or minutes; memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work, paper, or draft; computer output or input or data processing card; opinion or report of consultant or expert; request, order invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, charge, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, check book, stub, register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, or tabulation; any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed; and any and all other data compilations from which information can be obtained or, if necessary, translated into reasonable usable form. The term "document" also includes (a) the original and/or any non-identical copies, including those with any margin notes or comments, or showing additions, deletions, or substitutions; (b) drafts; (c) attachments to or enclosures with any document; and (d) every document referred to in any other document(s). "Person" and "persons" as used herein means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

9.     The term "ESI" shall mean all electronically stored information, including without limitation computer files, electronic mail, information on social media or other websites (e.g., Facebook, Instagram, X (f/k/a Twitter), blogs), information stored on "smart" or other internet and text capable cellular phone or tablet device (e.g., iPad), and any other discoverable internet data.

ESI includes native file formats without alteration or deletion of any associated information, like metadata.

10.    The term "person" shall include all natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, or any other group or combination acting as an entity.

11.    The terms "relate" or "relating" shall mean concerning, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating, or being in any way relevant to a given subject. By way of further explanation, these terms mean, without limitation, any reference or relationship that either (1) provides information with respect to the subject inquiry; or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

12.    The terms "you," "your," and "Plaintiff" refer to Plaintiff Brian Aly, his present or former attorneys, agents, servants, relatives, representatives, and all other persons acting or purporting to act on behalf of Plaintiff Brian Aly.

13.    The use of the singular form of any word includes the plural and vice versa. Similarly, where the pronouns he, she, his or her are used, they shall include both genders.

**<u>INSTRUCTIONS</u>**

1.      Answer each Interrogatory separately and fully. Each answer must be preceded by the Interrogatory to which it responds.

2.      In the event that you cannot answer an Interrogatory fully, or refuse to answer an Interrogatory fully, provide the particularized reasons or objections to fully answering, including, but not limited to, claims of privilege.

3.      Answers to all Interrogatories must be given under oath by the person(s) giving those answers.

4.      In the event that the answer to any Interrogatory herein relies upon any Documents that have not already been produced by Plaintiff to Defendant, produce those Documents with your answers, or, if these previously-non-produced Documents are publicly available, you may instead preserve a copy of each of these publicly-available Documents, and provide Defendant with instructions of how to acquire copies of these Documents, which, if appropriate, may be as simple as a full citation to each Document, preferably with an internet address at which each Document may be acquired by Defendant.

5.      If any Document required to be produced with your responses to these Interrogatories is withheld on the basis of a claim of privilege, the following information about the Document must be provided: the type of document; its general subject matter; its date; its author(s), addressee(s), and indicated or blind copy recipient(s); its number of pages; a listing of its attachments or appendices; all Persons to whom the document was distributed, shown, or explained; its present custodian; and the nature of the privilege asserted.

6.      In the event that any Document required to be produced with your responses to these Interrogatories no longer exists but existed at one time, identify such Document in the same

manner as indicated in Instruction 5 above; in addition, identify its last known location and the reason each is no longer in existence.

7.    In the event that any information is redacted from a Document produced with your responses to these Interrogatories, that information is to be identified and the basis upon which such information is redacted must be offered, as described in Instruction 5, supra.

8.    Any Documents to be produced with your responses to these Interrogatories should be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the Interrogatories to which they relate. All attachments and appended or embedded links or files should be produced if any one of them is produced along with your responses to these Interrogatories.

9.    Any Document to be produced with your responses consisting of electronically stored information should be produced in the form in which it ordinarily is maintained, with the exception of e-mails as set forth below. All such electronically stored information should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

10.    Each email produced with your answers to these Interrogatories should be produced in electronic form in a manner that preserves the relationship between the e-mail and all of its attachments. Information from each email header field should be produced in a separate database field. Any attachments to an email should be produced in the electronic form in which they ordinarily are maintained. All emails should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

11.    These Interrogatories shall be deemed continuing in nature and to constitute a request for supplementation of prior responses, pursuant to CPLR 3101(h), in a prompt manner whenever additional information is obtained by you that reveals your original response to be incorrect or incomplete when made, or that the original response is no longer correct or complete.

12.	The plural includes the singular, and vice versa.

13.	The past tense includes the present tense, and vice versa.

14.	References to one gender include all other genders.

15.	The terms "all," "any," and "each" shall be construed as encompassing any and all.

16.	The terms "and" and "or" shall both be construed either conjunctively or disjunctively as necessary to bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside of their scope.

### INTERROGATORIES

1.	Identify all persons who possess or may possess knowledge pertaining to any fact or issue involved in this Action, and/or any claim or defense asserted in the pleadings in this Action.

2.	Identify all persons other than your attorney(s) with whom you have communicated, spoken, or otherwise corresponded regarding your claims in this Action or any fact, allegation, or issue involved in this Action.

3.	Identify all witnesses you believe may have witnessed, or actually did witness, any alleged retaliation or unlawful conduct (or omission) that you claim you were subjected to as an employee of Apple, or who were otherwise made aware of such alleged retaliation or unlawful conduct.

4.	Identify every source of income received by or accruing to you during or after your employment with Apple, other than from your employment with Apple including, but not limited to, wages, commissions, stock options, employment benefits, unemployment compensation benefits, workers' compensation benefits, disability insurance benefits, and/or Social Security

benefits, stating the total amount received from each source and the dates on which such amounts were received.

5.     Identify any jobs, internships, or other employment positions that you claim you forwent in reliance on the position at Apple.

6.     Identify all academic opportunities that you claim you forwent in reliance on the position at Apple.

7.     Identify each person from whom you and/or your attorneys have obtained a written statement concerning the facts or defenses of this Action, and identify each such written statement.

8.     Identify each and every person you have reason to believe you will call to testify (including any expert witnesses) and state the subject matter on which each such person is expected to testify.

9.     Identify each and every person referred to as "Defendant" in Paragraphs III(A)(14), (15), (24), and (27) of the Complaint.

10.     Identify each and every person who assisted in the preparation of your responses to these Interrogatories and the identification of documents responsive to Defendant's First Request for Production of Documents.

11.     Identify all social networking sites (i.e., Facebook, Instagram, LinkedIn, X (f/k/a Twitter), internet forums, weblogs, social blogs, microblogs, wikis, and/or similar websites) you have used to discuss Apple and/or the allegations contained in your Complaint, and identify your "username" for each such site.

12.     Identify all AI tools you have used to generate, draft, edit, revise, summarize, translate, transcribe, analyze, translate, transcribe, or organize text, images, audio, video,

documents, or data.   This includes, without limitation, ChatGPT, Claude, Gemini, CoPilot, Perplexity, Harvey, CoCounsel, Westlaw AI, Lexis+ AI).

13.    Identify all damages you claim you have suffered because of Defendant's alleged retaliatory conduct, including the types and amounts of all damages sought and the manner in which you or others acting on your behalf calculated such damages.

14.    Identify all persons other than Apple for whom you have applied to work, worked for, or provided services to as an employee, officer, director, volunteer, proprietor, consultant or independent contractor or in any other capacity at any time from the date you began working for Apple, and for each such person provide the location of your work, your position, the dates of your relationship with such person/entity, the names of your supervisor(s), and the names of anyone with whom you communicated while interviewing or applying for the work.

15.    Identify all other roles or positions that you applied to between January 1, 2025 and present. Include the team or business unit, hiring manager, role title, and job responsibilities for each such role or position.

16.    Identify each and every document or other piece of tangible evidence relevant to your claims which has been lost, destroyed or cannot be found and whether any other copy of it can be accounted for and identify the date when each document was destroyed or lost.

Dated: New York, New York

      May 8, 2026

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Melissa C. Rodriguez*

    Melissa C. Rodriguez
    Elizabeth A. Schwartz
    101 Park Avenue
    New York, NY  10178-0060
    +1.212.309.6000
    +1.212.309.6001
    melissa.rodriguez@morganlewis.com
    elizabeth.schwartz@morganlewis.com

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Elizabeth A. Schwartz, hereby certify that on May 8, 2026, a true and correct copy of the foregoing Defendant Apple Inc.'s First Set of Interrogatories Directed to Plaintiff Brian Aly was served via email and Federal Express upon Plaintiff at the following address:

Brian Aly
595 Pavonia Avenue
Jersey City, NJ 07306
alybrian1@outlook.com
alybrian@wharton.upenn.edu

*Plaintiff*

<u>*s/ Elizabeth A. Schwartz*</u>
Elizabeth A. Schwartz

# EXHIBIT G

Documents reflecting Plaintiff's timely responses to Defendant's discovery requests and Plaintiff's service of initial disclosures.

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Aly,
*Plaintiff,*

v.

Apple Inc.,
*Defendant.*

# PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Dated: June 9, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

Plaintiff Brian Aly, proceeding pro se, hereby submits these Responses and Objections to Defendant Apple Inc.'s First Set of Requests for Production of Documents Directed to Plaintiff Brian Aly.

## I. PRELIMINARY STATEMENT

1. These responses are based on information reasonably available to Plaintiff at this stage of discovery and are made after reasonable inquiry. Discovery is ongoing. Plaintiff reserves the right to amend, supplement, or correct these responses pursuant to Federal Rule of Civil Procedure 26(e) as discovery proceeds, including after Defendant's document production, interrogatory responses, deposition testimony, and other discovery.

2. Plaintiff is a self-represented, non-attorney litigant. Plaintiff will make a reasonable, good-faith search of nonprivileged documents and electronically stored information within his possession, custody, or control. Plaintiff does not have access to Apple-controlled systems, accounts, devices, repositories, personnel systems, HRIS systems, internal messaging platforms, work email, files, source systems, or other internal Apple data sources following termination of his employment. To the extent a Request seeks such materials, those materials are in Defendant's possession, custody, or control.

3. Plaintiff objects to Defendant's definitions and instructions to the extent they exceed, alter, or are inconsistent with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or any order of the Court. Plaintiff specifically objects to any definition of "you," "your," or "Plaintiff" to the extent it purports to include attorneys, legal advisors, litigation-support resources, relatives, representatives, or other persons in a manner that seeks privileged communications, work product, mental impressions, litigation strategy, or information outside Plaintiff's possession, custody, or control.

4. Plaintiff will produce responsive, nonprivileged documents in a reasonably usable form, including searchable PDF format where practicable, native format where reasonably necessary or agreed by the parties, and/or another reasonably usable form as appropriate. Plaintiff reserves all rights concerning metadata, ESI format, burden, proportionality, privilege, confidentiality, and privacy. Plaintiff does not agree to produce the same ESI in more than one form absent agreement or Court order.

5. Plaintiff will organize and label produced documents by production index and/or Bates range where practicable. Where a response below states that Plaintiff will produce responsive documents, Plaintiff intends to identify such documents by production index served concurrently herewith and, if applicable, by Bates range.

6. Plaintiff's responses are not admissions that any particular Request is relevant, proportional, admissible, or properly framed. Plaintiff does not waive, and expressly preserves, all objections as to relevance, proportionality, burden, privilege, work product, privacy, confidentiality, admissibility, materiality, and possession, custody, or control.

## II. GENERAL OBJECTIONS

1. Plaintiff objects to each Request to the extent it seeks information or documents outside the scope of Federal Rule of Civil Procedure 26(b)(1), including information not relevant to any claim or defense or not proportional to the needs of the case.

2. Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, vague, ambiguous, cumulative, duplicative, harassing, or not reasonably particularized as required by Federal Rule of Civil Procedure 34.

3. Plaintiff objects to each Request to the extent it seeks documents, ESI, or tangible things not within Plaintiff's possession, custody, or control, including materials located solely on Apple-controlled systems, Apple devices, Apple email, Apple internal messaging platforms, Apple HRIS or personnel systems, Apple document repositories, or other Apple-controlled sources to which Plaintiff no longer has access.

4. Plaintiff objects to each Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, trial-preparation protection, privacy rights, confidentiality protections, or any other applicable privilege, protection, or immunity. This includes draft pleadings, draft discovery responses, legal research, legal theories, mental impressions, litigation strategy, case timelines, internal notes, AI prompts, AI outputs, and materials prepared in anticipation of litigation or for trial.

5. Plaintiff objects to each Request to the extent it seeks unrestricted access to Plaintiff's private accounts, social media accounts, LinkedIn account, Substack account, passwords, account exports, connection data, private messages, authorization forms, releases, or direct third-party platform access. Plaintiff will not execute broad account authorizations or releases absent agreement or Court order.

6. Plaintiff objects to each Request to the extent it seeks private, confidential, sensitive, or presently nonessential information concerning active or prospective job applications, prospective employers, recruiters, interviewers, hiring managers, teams, business units, or other third parties involved in Plaintiff's ongoing mitigation efforts, absent an appropriate protective framework.

7. Plaintiff objects to each Request to the extent it seeks complete tax returns, irrelevant financial records, medical records, mental-health records, or other private records not proportional to the needs of the case and not necessary to resolve any claim or defense.

8. Plaintiff objects to Defendant's Instructions Nos. 2 and 3 to the extent they purport to impose privilege-log requirements exceeding Federal Rule of Civil Procedure 26(b)(5), Local Civil Rule 26.2, any applicable order, or any agreement of the parties. Plaintiff will provide any privilege log required by applicable rules or agreement, but does not agree that he must log every draft, legal research note, AI prompt, internal case analysis, or litigation-preparation material in a manner that would reveal protected mental impressions or litigation strategy.

9. Plaintiff objects to Defendant's Instruction No. 5 to the extent it demands native-format production with metadata for all ESI regardless of proportionality, burden, privacy, or relevance. Plaintiff will produce ESI in a reasonably usable form and will meet and confer regarding any specific, proportional request for native production.

10. Plaintiff objects to Defendant's Instruction No. 6 to the extent it purports to impose supplementation obligations beyond Federal Rule of Civil Procedure 26(e), any applicable Court order, or any agreement of the parties. Plaintiff will supplement or correct responses as required by Rule 26(e).

The General Objections apply to each response only to the extent specifically applicable. Each individual response below states the additional objections and production position applicable to that Request.

## III. SPECIFIC RESPONSES AND OBJECTIONS

### 1. REQUEST FOR PRODUCTION NO. 1

Request:
All documents that you referred to in the Complaint, to the extent not attached.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents within his possession, custody, or control, as reflected in Plaintiff's Production Index served concurrently herewith, including documents in Folder 01_Offer_and_Termination, Folder 02_LinkedIn_Recruiting, Folder 03_Apple_Email_Role_Discrepancy, Folder 04_Apple_Slack_or_Internal_Messages, Folder 05_Wharton_LOA_and_Return, and Folder 06_Mitigation_Job_Search. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

### 2. REQUEST FOR PRODUCTION NO. 2

Request:
All documents concerning any admission or statement made by the Defendant, or any of its agents or representatives, that relates to the Complaint and you contend is against Defendant's interests.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the

Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents reflecting statements or communications by Defendant or its agents that Plaintiff contends relate to the allegations in the Complaint, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__002__2025-12-28_Sanjay_to_Brian_Discrepancy_Response.pdf, 03_Apple_Email_Role_Discrepancy__004__2026-01-07_Breda_to_Brian_Follow_Up_on_Job_Title.pdf, 04_Apple_Slack_Internal_Messages__001__Workday_Title_Discovery_and_Sanghoon_Title_Conversation.pdf, and 04_Apple_Slack_Internal_Messages__002__Ravi_Internal_Title_Standard_and_Legal_Risk_Discussion.pdf. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 3. REQUEST FOR PRODUCTION NO. 3

Request:
All documents concerning any communication between you and any person regarding the claims and/or allegations in the Complaint and/or Defendant's defenses.

Response:
Plaintiff objects to this Request as overbroad, vague, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all communications with any person regarding the Action, including personal, non-substantive, family, litigation-support, privileged, or work-product communications. Plaintiff further objects to the extent the Request seeks communications with persons who do not possess independent discoverable factual knowledge. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive communications within his possession, custody, or control that contain substantive factual information concerning the claims, allegations, or defenses in this Action, as reflected in Plaintiff's Production Index served concurrently herewith, including responsive materials in Folder 02_LinkedIn_Recruiting, Folder 03_Apple_Email_Role_Discrepancy, Folder 04_Apple_Slack_or_Internal_Messages, Folder 05_Wharton_LOA_and_Return, and Folder 06_Mitigation_Job_Search. Plaintiff is withholding privileged communications, work product, personal non-substantive communications, private family communications, and communications outside the scope of Rule 26(b)(1) on the basis of these objections.

## 4. REQUEST FOR PRODUCTION NO. 4

Request:
All documents created using a public large language model (i.e. ChatGPT, Claude, Copilot, etc.) concerning Plaintiff's Complaint and the allegations therein and/or Defendant's defenses.

Response:

Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks AI prompts, queries, chat histories, draft outputs, draft pleadings, draft discovery materials, litigation analyses, legal research, case chronologies, mental impressions, legal theories, or litigation strategy. Plaintiff further objects on the grounds of privilege and work-product protection, including protection for materials prepared by Plaintiff in anticipation of litigation while proceeding pro se. Plaintiff is not producing documents in response to this Request at this time, other than final, nonprivileged factual materials otherwise produced in Plaintiff's production to the extent responsive to other Requests. Plaintiff is withholding AI-related prompts, drafts, analyses, chat histories, outputs, legal research, and work-product materials on the basis of these objections.

## 5. REQUEST FOR PRODUCTION NO. 5

Request:
All documents sufficient to identify each AI Tool used by Plaintiff, or by any non-attorney acting at Plaintiff's direction, during the Relevant Period for any AI Use concerning any Relevant Topic, including the name of the AI Tool, the account or user through which it was accessed, the approximate dates of use, and the general purpose of the use.

Response:
Plaintiff objects to this Request as overbroad, disproportionate, and not limited to information relevant to any claim or defense to the extent it seeks account-level information, usernames, private account details, full usage histories, prompts, chat histories, or materials reflecting legal research, mental impressions, litigation strategy, or work product. Plaintiff has identified in his interrogatory responses the AI or AI-assisted tools used in connection with text, documents, audio, or other materials, including ChatGPT, Gemini, and Otter.ai. Subject to and without waiving these objections, Plaintiff is not producing documents in response to this Request at this time because, after reasonable inquiry, Plaintiff is not presently aware of nonprivileged documents within his possession, custody, or control that he affirmatively relies upon as substantive factual evidence in this Action to identify AI use, separate from information already provided in his interrogatory responses. Plaintiff is withholding private account details, prompts, usage histories, draft outputs, and protected litigation-preparation materials on the basis of these objections.

## 6. REQUEST FOR PRODUCTION NO. 6

Request:
All documents concerning all retained prompts, queries, uploaded materials, chat histories, responses, outputs, exports, screenshots, transcripts, or other records of AI Use during the Relevant Period that concern Plaintiff's Complaint and the allegations therein and/or Defendant's defenses.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks AI prompts, queries, chat histories, draft outputs, draft pleadings, draft

discovery materials, litigation analyses, legal research, case chronologies, mental impressions, legal theories, or litigation strategy. Plaintiff further objects on the grounds of privilege and work-product protection, including protection for materials prepared by Plaintiff in anticipation of litigation while proceeding pro se. Plaintiff is not producing documents in response to this Request at this time, other than final, nonprivileged factual materials otherwise produced in Plaintiff's production to the extent responsive to other Requests. Plaintiff is withholding AI-related prompts, drafts, analyses, chat histories, outputs, legal research, and work-product materials on the basis of these objections.

## 7. REQUEST FOR PRODUCTION NO. 7

Request:
For each pleading, declaration, affidavit, discovery response, Rule 26 disclosure, damages computation, demand letter, agency filing, or other factual statement by Plaintiff concerning this Action that was drafted, revised, translated, summarized, or materially edited using an AI Tool, produce the original version, the AI-assisted version, the final version, and any retained prompts or outputs reflecting the AI Use.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks AI prompts, queries, chat histories, draft outputs, original drafts, intermediate drafts, draft pleadings, draft discovery materials, draft disclosures, litigation analyses, legal research, mental impressions, legal theories, or litigation strategy. Plaintiff further objects on the grounds of privilege and work-product protection, including protection for materials prepared by Plaintiff in anticipation of litigation while proceeding pro se. Plaintiff is not producing documents in response to this Request at this time, other than final, nonprivileged factual materials otherwise served, filed, or produced, to the extent responsive to other Requests. Plaintiff is withholding AI-related prompts, draft outputs, draft legal materials, legal research, mental impressions, and work-product materials on the basis of these objections.

## 8. REQUEST FOR PRODUCTION NO. 8

Request:
All documents concerning AI-generated or AI-assisted chronologies, timelines, summaries, witness lists, issue lists, factual narratives, document summaries, communication summaries, or event summaries concerning Plaintiff's Complaint and the allegations therein and/or Defendant's defenses.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks AI-assisted chronologies, timelines, summaries, witness lists, issue lists, factual narratives, document summaries, communication summaries, event summaries, or similar litigation-preparation materials reflecting Plaintiff's mental impressions, legal theories, work product, or litigation strategy. Plaintiff further objects on the grounds of privilege and work-product protection. Plaintiff is not producing documents in response to this Request at this

time. Plaintiff is withholding AI-related chronologies, timelines, summaries, analyses, legal research, issue lists, witness lists, and other litigation-preparation materials on the basis of these objections.

## 9. REQUEST FOR PRODUCTION NO. 9

Request:
All documents reflecting AI Use concerning Plaintiff's alleged damages, injuries, mitigation, lost wages, lost profits, emotional distress, medical expenses, attorneys' fees, interest, or other requested relief, including any retained prompts, outputs, calculations, summaries, tables, spreadsheets, or explanatory materials.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks AI prompts, queries, chat histories, draft outputs, draft damages analyses, litigation analyses, legal research, mental impressions, legal theories, or litigation strategy. Plaintiff further objects on the grounds of privilege and work-product protection. Plaintiff is not producing AI prompts, outputs, drafts, or analyses in response to this Request. Subject to and without waiving these objections, Plaintiff will produce final, nonprivileged documents concerning damages, reliance, mitigation, and income to the extent responsive to other Requests, as reflected in Plaintiff's Production Index served concurrently herewith, including responsive materials in Folder 01_Offer_and_Termination, Folder 05_Wharton_LOA_and_Return, and Folder 06_Mitigation_Job_Search. Plaintiff is withholding AI-related prompts, outputs, drafts, calculations, analyses, and work-product materials on the basis of these objections.

## 10. REQUEST FOR PRODUCTION NO. 10

Request:
All documents concerning any AI Use to create, alter, enhance, reconstruct, translate, transcribe, summarize, or analyze any document, image, audio file, video file, message, social-media content, or other evidence that Plaintiff has produced, identified, cited, or may rely upon in this Action.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all documents concerning any AI use to create, alter, enhance, reconstruct, translate, transcribe, summarize, or analyze any document or evidence, regardless of whether the AI-assisted material is relevant, relied upon, or used as evidence. Plaintiff further objects to the extent the Request seeks prompts, draft outputs, work product, litigation strategy, mental impressions, or legal research. Subject to and without waiving these objections, Plaintiff will produce final, nonprivileged evidence and ESI that he relies upon, to the extent responsive to other Requests, as reflected in Plaintiff's Production Index served concurrently herewith. Plaintiff is withholding prompts, draft outputs, litigation-preparation materials, AI-assisted legal analysis, legal research, and materials outside the scope of Rule 26(b)(1) on the basis of these objections.

## 11. REQUEST FOR PRODUCTION NO. 11

Request:
All documents identifying any document, statement, discovery response, disclosure, declaration, affidavit, exhibit, or other material served, filed, produced, or relied upon by Plaintiff in this Action that contains AI-generated or AI-assisted substantive content.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks AI prompts, queries, chat histories, draft outputs, draft pleadings, draft discovery materials, litigation analyses, legal research, case chronologies, mental impressions, legal theories, or litigation strategy. Plaintiff further objects on the grounds of privilege and work-product protection. Plaintiff is not producing documents in response to this Request at this time, other than final, nonprivileged factual materials otherwise served, filed, or produced, to the extent responsive to other Requests. Plaintiff is withholding AI-related prompts, drafts, analyses, chat histories, outputs, legal research, and work-product materials on the basis of these objections.

## 12. REQUEST FOR PRODUCTION NO. 12

Request:
All documents identified or referred to in your responses to Defendant's First Set of Interrogatories Directed to Plaintiff or Initial Disclosures, dated May 8, 2026.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents identified or referred to in his interrogatory responses or initial disclosures, as reflected in Plaintiff's Production Index served concurrently herewith, including responsive materials in Folder 01_Offer_and_Termination, Folder 02_LinkedIn_Recruiting, Folder 03_Apple_Email_Role_Discrepancy, Folder 04_Apple_Slack_or_Internal_Messages, Folder 05_Wharton_LOA_and_Return, and Folder 06_Mitigation_Job_Search. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 13. REQUEST FOR PRODUCTION NO. 13

Request:
All documents reviewed, relied upon, or referred to in the preparation of your responses to any document requests served by Defendant.

Response:

Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the needs of the case to the extent it seeks privileged or protected documents, drafts, attorney-client communications, attorney work product, legal research, litigation analyses, case chronologies, mental impressions, legal theories, litigation strategy, or materials prepared in anticipation of litigation. Plaintiff further objects to the extent it seeks AI prompts, draft outputs, or internal litigation-preparation materials. Subject to and without waiving these objections, Plaintiff will produce final, nonprivileged documents responsive to Defendant's Requests that are within Plaintiff's possession, custody, or control and that are not otherwise withheld, as reflected in Plaintiff's Production Index served concurrently herewith. Plaintiff is withholding privileged communications, work product, drafts, legal research, internal analyses, AI prompts and outputs reflecting litigation preparation, and other protected materials on the basis of these objections.

## 14. REQUEST FOR PRODUCTION NO. 14

Request:
All documents concerning any statements, declarations, or affidavits obtained by you or by others on your behalf relating to any of the claims and/or allegations in the Complaint and/or Defendant's defenses.

Response:
Plaintiff objects to this Request to the extent it seeks attorney-client privileged communications, work product, mental impressions, litigation strategy, drafts, notes, or materials prepared in anticipation of litigation. Plaintiff further objects to the extent it seeks statements, declarations, or affidavits obtained by attorneys or others in a manner protected by privilege or work product. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff has not presently located any signed or formal nonprivileged third-party witness statement, declaration, or affidavit in his possession, custody, or control relating to the claims, allegations, or defenses in this Action. Plaintiff is not producing documents in response to this Request at this time. Plaintiff is withholding privileged and protected litigation-preparation materials on the basis of these objections.

## 15. REQUEST FOR PRODUCTION NO. 15

Request:
All notes, diaries, journals, calendars, or similar documents or recordings (including, but not limited to, blogs, social media and/or other online content) related to the allegations in the Complaint and/or Defendant's defenses.

Response:
Plaintiff objects to this Request as overbroad, vague, and disproportionate to the extent it seeks all notes, diaries, journals, calendars, recordings, blogs, social media content, or other online content without reasonable limitation. Plaintiff further objects to the extent it seeks privileged materials, work product, mental impressions, legal research, litigation strategy, personal non-substantive materials, or private materials not relevant to any claim or defense. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive notes,

recordings, screenshots, online messages, and similar materials within his possession, custody, or control that directly concern the allegations in the Complaint or Defendant's defenses, as reflected in Plaintiff's Production Index served concurrently herewith, including 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, materials in Folder 03_Apple_Email_Role_Discrepancy, materials in Folder 04_Apple_Slack_or_Internal_Messages, and 05_Wharton_LOA_and_Return__002__Wharton_LOA_Return_Correspondence_Screen_Recording.mp4. Plaintiff is withholding privileged, protected, personal non-substantive, and irrelevant materials on the basis of these objections.

## 16. REQUEST FOR PRODUCTION NO. 16

Request:
All physical evidence that tends to support or tends to refute any of your claims or any defense asserted by Defendant.

Response:
Plaintiff objects to this Request as vague and overbroad to the extent it seeks "physical evidence" without identifying a reasonably particular category of tangible things. Subject to and without waiving this objection, after reasonable inquiry, Plaintiff is not presently aware of responsive physical evidence within his possession, custody, or control beyond documents and ESI addressed in other responses and produced as reflected in Plaintiff's Production Index served concurrently herewith. Plaintiff is not producing separate physical evidence in response to this Request at this time. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 17. REQUEST FOR PRODUCTION NO. 17

Request:
All documents that relate to the terms and conditions of your employment with Defendant, including, without limitation, applications, offer letters, employment agreements, documents relating to your job duties and responsibilities, compensation and benefits, job performance (including, without limitation, any performance evaluations, commendations, promotions, or discipline), and/or separation from employment.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning the terms and conditions of his employment with Apple, including offer, compensation, role, work-related communications, title/classification concerns, and separation from employment, as reflected in Plaintiff's Production Index served concurrently herewith, including

01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 01_Offer_and_Termination__002__Apple_Termination_Letter_Brian_Aly.pdf, and responsive materials in Folder 03_Apple_Email_Role_Discrepancy and Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 18. REQUEST FOR PRODUCTION NO. 18

Request:

All documents concerning any job you applied to, other than Apple, from January 1, 2025 through present, including, but not limited to, job applications to prospective employers and communications with prospective employers discussing any applications, interviews, job offers, or rejections, whether sent and received by you or on your behalf.

Response:

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document concerning every job application, prospective employer, recruiter, interviewer, hiring manager, team, business unit, communication, or application event from January 1, 2025 to the present, regardless of relevance to mitigation, damages, or any claim or defense. Plaintiff further objects to the extent the Request seeks private, sensitive, confidential, or presently nonessential information concerning active or prospective job-search efforts, the disclosure of which could prejudice Plaintiff's mitigation efforts or expose Plaintiff to professional or retaliatory harm. Subject to and without waiving these objections, Plaintiff will produce nonprivileged documents sufficient to show selected mitigation efforts, including selected application confirmations, rejection notices, and recruiting-status communications for MBA internship and full-time opportunities in product management, technology, business, strategy, and related fields comparable to the Product Manager role and career track that Plaintiff alleges Apple represented to Plaintiff during the recruiting process and in its written offer, as reflected in Plaintiff's Production Index served concurrently herewith, including 06_Mitigation_Job_Search__001__MBA_Internship_and_Full_Time_Application_Rejections.pdf. Plaintiff is withholding or redacting, pending an appropriate protective framework or further meet-and-confer, nonpublic identities and contact information of active or prospective employers, recruiters, interviewers, hiring managers, teams, and business units, as well as privileged, protected, irrelevant, or disproportionate materials.

## 19. REQUEST FOR PRODUCTION NO. 19

Request:
All documents that refute that you minimized or mitigated your alleged damages.

Response:
Plaintiff objects to this Request as vague and confusing because it seeks documents that "refute" that Plaintiff minimized or mitigated his alleged damages. Plaintiff further objects to the extent the Request is duplicative of Requests concerning mitigation and damages. Subject to

and without waiving these objections, Plaintiff is not presently aware of nonprivileged documents in his possession, custody, or control that refute his mitigation efforts. To the extent the Request seeks documents concerning mitigation efforts, Plaintiff refers Defendant to his response to Request No. 18 and will produce nonprivileged responsive mitigation documents as reflected in Plaintiff's Production Index served concurrently herewith, including 06_Mitigation_Job_Search__001__MBA_Internship_and_Full_Time_Application_Rejections.pdf. Plaintiff is withholding materials outside the scope of Rule 26(b)(1), privileged materials, work product, and sensitive active job-search information pending an appropriate protective framework.

## 20. REQUEST FOR PRODUCTION NO. 20

Request:
All documents that relate to the amount and sources of income received by you or accruing to you, including, without limitation, your federal and state income tax forms, W-2 forms, payroll check stubs, and any documents reflecting unemployment compensation that you have collected from January 1, 2025 to the present.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the extent it seeks complete federal and state income tax returns or other private financial records where the relevant information can be obtained from less intrusive sources. Plaintiff further objects to the extent the Request seeks financial information unrelated to claimed damages, mitigation, or income. Subject to and without waiving these objections, Plaintiff states that he does not presently have access to a W-2 or other Apple payroll records. Plaintiff further states that he has not received income from any source during or after his employment with Apple other than compensation received from Apple. Plaintiff refers Defendant to documents produced concerning Apple's written offer and compensation terms, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf. Plaintiff further states that Apple compensation, payroll, and tax reporting records are in Defendant's possession, custody, or control. Plaintiff is not presently producing complete tax returns. Plaintiff is withholding complete tax returns and private financial records not necessary to show relevant income on the basis of privacy, proportionality, and availability of less intrusive sources.

## 21. REQUEST FOR PRODUCTION NO. 21

Request:
All communications between you and Defendant (or any of its agents) relating or referring to your employment with Defendant, the claims and/or allegations in the Complaint and/or Defendant's defenses.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or

accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive communications between Plaintiff and Defendant or its agents relating to Plaintiff's employment, the claims and/or allegations in the Complaint, or Defendant's defenses, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 01_Offer_and_Termination__002__Apple_Termination_Letter_Brian_Aly.pdf, responsive materials in Folder 03_Apple_Email_Role_Discrepancy, and responsive materials in Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 22. REQUEST FOR PRODUCTION NO. 22

Request:
All documents concerning any communication (written or oral) involving you and any current or former employees of Defendant relevant or relating to the claims and/or defenses in this Action, including all documents responding to such communications.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all documents concerning any written or oral communication involving Plaintiff and any current or former Apple employee, regardless of relevance, substance, timeframe, or whether the communication contains discoverable information. Plaintiff further objects to the extent it seeks privileged communications, work product, private non-substantive communications, or documents located solely on Apple-controlled systems. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive communications within his possession, custody, or control with current or former Apple employees that are relevant to the claims or defenses in this Action, as reflected in Plaintiff's Production Index served concurrently herewith, including 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, responsive materials in Folder 03_Apple_Email_Role_Discrepancy, and responsive materials in Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding privileged, protected, non-substantive, irrelevant, and Apple-controlled materials on the basis of these objections.

## 23. REQUEST FOR PRODUCTION NO. 23

Request:
All documents concerning or otherwise evidencing the damages that you allege to have sustained or to any other relief you are seeking in this Action, including, but not limited to, any documents describing the method you used to calculate or establish the amount of such damages or relief.

Response:

Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all documents concerning damages or relief without limitation, including private financial, medical, educational, or job-search records not relevant to the damages claimed. Plaintiff further states that, at this time, Plaintiff is claiming garden-variety non-economic harm, reputational harm, stress, anxiety, professional embarrassment, and career disruption, and does not presently claim medical expenses, a diagnosed psychiatric condition, or expert medical damages. Subject to and without waiving these objections, Plaintiff will produce nonprivileged documents sufficient to support his damages computation, including documents concerning Apple compensation, offer terms, equity, termination, Wharton leave and reliance, mitigation efforts, and relevant post-termination income or lack thereof, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 01_Offer_and_Termination__002__Apple_Termination_Letter_Brian_Aly.pdf, materials in Folder 05_Wharton_LOA_and_Return, and 06_Mitigation_Job_Search__001__MBA_Internship_and_Full_Time_Application_Rejections.pdf. Plaintiff is withholding privileged materials, work product, irrelevant private records, complete tax returns, medical or mental-health records not placed at issue by Plaintiff's current damages theory, and sensitive active job-search information pending an appropriate protective framework.

## 24. REQUEST FOR PRODUCTION NO. 24

Request:
All documents that relate to any litigation, charge, complaint or action, other than this Action brought by you against Defendant, before any federal, state, or local agency or court against any of your present or past employers, prospective employers, or any other individual or entity, which relates to your employment, employment termination or rejection for employment.

Response:
Plaintiff objects to this Request as overbroad, intrusive, and disproportionate to the extent it seeks documents concerning any litigation, charge, complaint, or action unrelated to the claims, defenses, damages, or mitigation issues in this Action. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff is not presently aware of responsive, nonprivileged documents within his possession, custody, or control concerning any litigation, charge, complaint, or action, other than this Action, brought by Plaintiff against Apple or against any present, past, or prospective employer relating to employment, termination, or rejection for employment. Plaintiff is not producing documents in response to this Request at this time. Plaintiff will supplement this response pursuant to Rule 26(e) if responsive, nonprivileged materials are later identified.

## 25. REQUEST FOR PRODUCTION NO. 25

Request:
All documents relating to any internal complaints and/or reports made by you during your employment with Apple, including, but not limited to, documents relating to any investigation thereof.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning internal complaints and/or reports made by Plaintiff during his employment with Apple, as reflected in Plaintiff's Production Index served concurrently herewith, including responsive materials in Folder 03_Apple_Email_Role_Discrepancy and Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 26. REQUEST FOR PRODUCTION NO. 26

Request:
All documents relating to the leave you claim to have taken from any graduate school program in reliance of the position at Apple, including all documents concerning any attempt to re-enter the program.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all educational, academic, recruiting, career-services, or personal records regardless of relevance to Plaintiff's reliance theory, mitigation, or damages. Plaintiff further objects to the extent the Request seeks private student records, privileged materials, work product, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents within his possession, custody, or control concerning his Wharton MBA leave of absence, reliance on Apple's written offer and Product Manager role designation, and efforts to return from leave, as reflected in Plaintiff's Production Index served concurrently herewith, including 05_Wharton_LOA_and_Return__001__Wharton_Leave_of_Absence_Letter.pdf and 05_Wharton_LOA_and_Return__002__Wharton_LOA_Return_Correspondence_Screen_Recording.mp4. Plaintiff is withholding irrelevant educational records, privileged or protected materials, and private records outside the scope of Rule 26(b)(1) on the basis of these objections.

## 27. REQUEST FOR PRODUCTION NO. 27

Request:
All communications between you and the Wharton MBA program you claim to have taken leave from concerning your participation and enrollment in the program in 2025 and 2026.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all communications with Wharton or the University of Pennsylvania concerning Plaintiff's participation or enrollment regardless of relevance to Plaintiff's reliance theory, mitigation, damages, or any claim or defense. Plaintiff further objects to the extent the Request seeks private student records, privileged materials, work product, personal communications unrelated to the issues in this Action, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive communications within his possession, custody, or control concerning his Wharton MBA leave of absence, potential return from leave, employer-related issue, and return/deadline decision, as reflected in Plaintiff's Production Index served concurrently herewith, including 05_Wharton_LOA_and_Return__001__Wharton_Leave_of_Absence_Letter.pdf and 05_Wharton_LOA_and_Return__002__Wharton_LOA_Return_Correspondence_Screen_Recording.mp4. Plaintiff is withholding irrelevant educational records, privileged or protected materials, and private records outside the scope of Rule 26(b)(1) on the basis of these objections.

## 28. REQUEST FOR PRODUCTION NO. 28

Request:
All transcripts from the Wharton MBA program you claim to have taken leave from in reliance of the position at Apple.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks transcripts or academic records unrelated to Plaintiff's reliance theory, mitigation, damages, or credibility. Plaintiff further objects to the extent the Request seeks private educational information beyond the needs of the case. Subject to and without waiving these objections, Plaintiff will produce a Wharton transcript within his possession, custody, or control, subject to appropriate confidentiality treatment, as reflected in Plaintiff's Production Index served concurrently herewith, including 05_Wharton_LOA_and_Return__003__Wharton_Transcript.pdf. Plaintiff is withholding unrelated educational records and private student records outside the scope of Rule 26(b)(1) on the basis of these objections.

## 29. REQUEST FOR PRODUCTION NO. 29

Request:
All documents concerning your online profiles, postings, messages (including, without limitation, direct messages, status updates, comments, groups joined, activity streams and blog

entries), photographs, videos, and online communications, including those on social media websites (including, without limitation, Facebook, LinkedIn, Instagram, Snapchat, and X (formerly known as Twitter)), relating to the claims and/or allegations in the Complaint and/or Defendant's defenses.

Response:

Plaintiff objects to this Request as overbroad, intrusive, disproportionate, and not reasonably limited to matters relevant to any claim or defense to the extent it seeks all online profiles, postings, messages, direct messages, comments, groups, activity streams, photographs, videos, account exports, connection data, or online communications from any social media or online account. Plaintiff further objects to Defendant's request that Plaintiff execute the LinkedIn authorization attached as Exhibit A, which seeks broad direct access to account information, private communications, connection data, account files, and a release of claims. Plaintiff will not execute Exhibit A as drafted. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff is not presently aware of nonprivileged public social-media posts, LinkedIn posts, Substack posts, or other online posts in his possession, custody, or control that directly concern the allegations in the Complaint, Defendant's defenses, Plaintiff's termination, Plaintiff's claimed damages, or Plaintiff's mitigation efforts. Plaintiff is not producing documents in response to this Request at this time, other than documents otherwise produced in Plaintiff's production, including 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, which is produced as recruiting evidence and not as a public social-media post. Plaintiff is withholding private account exports, passwords, authorization forms, unrestricted account access, private messages not relevant to the claims or defenses, connection data, personal non-substantive content, privileged materials, and work product on the basis of these objections.

## 30. REQUEST FOR PRODUCTION NO. 30

Request:

All documents concerning your claim related to "Defendant's written representations regarding the nature of Plaintiff's role, Plaintiff's reasonable reliance on those representations, and Plaintiff's termination shortly after raising written concerns," as alleged in Paragraph III(A)(1) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Defendant's written representations regarding the nature of Plaintiff's role, Plaintiff's reliance, and Plaintiff's termination after raising written concerns, as reflected in Plaintiff's Production Index served concurrently herewith, including

01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf,
01_Offer_and_Termination__002__Apple_Termination_Letter_Brian_Aly.pdf,
02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, responsive materials in Folder 03_Apple_Email_Role_Discrepancy, and responsive materials in Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 31. REQUEST FOR PRODUCTION NO. 31

Request:
All documents concerning your claim that "[i]n Fall 2025, Defendant recruited Plaintiff for a position titled 'Product Manager – Apple Ads Campaign Optimization,'" as alleged in Paragraph III(A)(3) of the Complaint.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Apple's recruitment of Plaintiff for a Product Manager position, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf and 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 32. REQUEST FOR PRODUCTION NO. 32

Request:
All documents concerning your claim that "[t]he outreach materials, interview process, and written offer letter identified the position as 'Product Manager,'" as alleged in Paragraph III(A)(4) of the Complaint.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning outreach materials, the recruiting process, and the written offer identifying the role as Product Manager, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf and

02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 33. REQUEST FOR PRODUCTION NO. 33

Request:
All documents concerning your claim that "Plaintiff accepted the offer in reliance on that [role] designation," as alleged in Paragraph III(A)(6) of the Complaint.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's reliance on Apple's written offer and Product Manager role designation, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, responsive materials in Folder 03_Apple_Email_Role_Discrepancy, responsive materials in Folder 04_Apple_Slack_or_Internal_Messages, and responsive materials in Folder 05_Wharton_LOA_and_Return. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 34. REQUEST FOR PRODUCTION NO. 34

Request:
All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff…[t]ook a leave of absence from the Wharton MBA program," as alleged in Paragraph III(A)(7) of the Complaint.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all educational, academic, recruiting, career-services, or personal records regardless of relevance to Plaintiff's reliance theory, mitigation, or damages. Plaintiff further objects to the extent it seeks private student records, privileged materials, work product, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning his leave of absence from the Wharton MBA program, as reflected in Plaintiff's Production Index served concurrently herewith, including 05_Wharton_LOA_and_Return__001__Wharton_Leave_of_Absence_Letter.pdf and 05_Wharton_LOA_and_Return__002__Wharton_LOA_Return_Correspondence_Screen_Recording.mp4. Plaintiff is withholding irrelevant educational records, privileged or protected

materials, and private records outside the scope of Rule 26(b)(1) on the basis of these objections.

## 35. REQUEST FOR PRODUCTION NO. 35

Request:
All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff… [f]orgoed participation in structured MB recruiting," as alleged in Paragraph III(A)(7) of the Complaint.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all educational, academic, recruiting, career-services, or personal records regardless of relevance to Plaintiff's reliance theory, mitigation, or damages. Plaintiff further objects to the extent it seeks private student records, privileged materials, work product, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's reliance on Apple's written offer and Product Manager role designation, his leave of absence from Wharton, and his foregone MBA recruiting participation, as reflected in Plaintiff's Production Index served concurrently herewith, including 05_Wharton_LOA_and_Return__001__Wharton_Leave_of_Absence_Letter.pdf and 05_Wharton_LOA_and_Return__002__Wharton_LOA_Return_Correspondence_Screen_Recording.mp4. Plaintiff is withholding irrelevant educational records, privileged or protected materials, and private records outside the scope of Rule 26(b)(1) on the basis of these objections.

## 36. REQUEST FOR PRODUCTION NO. 36

Request:
All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff … [d]eclined or did not pursue alternative employment opportunities," as alleged in Paragraph III(A)(7) of the Complaint.

Response:
Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all job-search, recruiting, education, personal, or career-services records regardless of relevance to Plaintiff's reliance theory, mitigation, or damages. Plaintiff further objects to the extent it seeks private student records, sensitive prospective-employer information, privileged materials, work product, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning reliance on Apple's written offer and Product Manager role designation, foregone MBA recruiting participation, and mitigation efforts, as reflected in Plaintiff's Production Index served concurrently herewith, including responsive materials in Folder 05_Wharton_LOA_and_Return and 06_Mitigation_Job_Search__001__MBA_Internship_and_Full_Time_Application_Rejections.p

df. Plaintiff is withholding irrelevant educational records, privileged or protected materials, private records outside the scope of Rule 26(b)(1), and sensitive prospective-employer information pending an appropriate protective framework.

## 37. REQUEST FOR PRODUCTION NO. 37

Request:

All documents concerning your claim that "[i]n reliance on the written offer and role designation, Plaintiff … [c]ommitted to full-time employment with Defendant," as alleged in Paragraph III(A)(7) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent it seeks privileged materials, work product, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's acceptance of Apple's written offer, reliance on the Product Manager role designation, and commitment to full-time employment with Apple, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, and responsive materials in Folder 03_Apple_Email_Role_Discrepancy. Plaintiff is withholding privileged, protected, irrelevant, and Apple-controlled materials on the basis of these objections.

## 38. REQUEST FOR PRODUCTION NO. 38

Request:

All documents concerning your claim that "[t]hese reliance decisions were foreseeable and reasonable," as alleged in Paragraph III(A)(8) of the Complaint.

Response:

Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all educational, academic, recruiting, career-services, employment, or personal records regardless of relevance to Plaintiff's reliance theory, mitigation, or damages. Plaintiff further objects to the extent the Request seeks privileged materials, work product, mental impressions, legal research, litigation strategy, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning the foreseeability and reasonableness of Plaintiff's reliance on Apple's written offer and Product Manager role designation, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 02_LinkedIn_Recruiting__001__Sanghoon_Kwak_LinkedIn_Product_Manager_Recruiting_Conversation.mp4, responsive materials in Folder 03_Apple_Email_Role_Discrepancy, responsive

materials in Folder 04_Apple_Slack_or_Internal_Messages, responsive materials in Folder 05_Wharton_LOA_and_Return, and 06_Mitigation_Job_Search__001__MBA_Internship_and_Full_Time_Application_Rejections.pdf. Plaintiff is withholding irrelevant private records, privileged or protected materials, and documents outside Plaintiff's possession, custody, or control on the basis of these objections.

## 39. REQUEST FOR PRODUCTION NO. 39

Request:

All documents concerning your claim that "[w]ithin approximately one week of starting employment, Plaintiff discovered that Defendant had formally classified his position within its internal HR system as 'ML Data Scientist ICT4,'" as alleged in Paragraph III(A)(10) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's discovery that Apple had formally classified his position in Workday or Apple-controlled systems as ML Data Scientist ICT4, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__004__2026-01-07_Breda_to_Brian_Follow_Up_on_Job_Title.pdf and 04_Apple_Slack_Internal_Messages__001__Workday_Title_Discovery_and_Sanghoon_Title_Conversation.pdf. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 40. REQUEST FOR PRODUCTION NO. 40

Request:

All documents concerning your claim that "[t]he ML Data Scientist job track is a distinct and formally recognized career path within Defendant's organization, with separate leveling, evaluation, benchmarking, and professional positioning frameworks from the Product Manager track," as alleged in Paragraph III(A)(11) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents primarily or exclusively within Apple's possession, custody, or control, including documents concerning Apple's internal job tracks, classification systems, HRIS records, leveling, evaluation, benchmarking, professional positioning frameworks, job codes, job profiles, internal approvals, or pre-offer classification decisions. Plaintiff further objects to the extent it seeks privileged materials, work product, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents within his

possession, custody, or control reflecting what was communicated to Plaintiff or what Plaintiff reasonably understood from available materials concerning the ML Data Scientist and Product Manager classifications, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__002__2025-12-28_Sanjay_to_Brian_Discrepancy_Response.pdf, 03_Apple_Email_Role_Discrepancy__004__2026-01-07_Breda_to_Brian_Follow_Up_on_Job_Title.pdf, 04_Apple_Slack_Internal_Messages__001__Workday_Title_Discovery_and_Sanghoon_Title_Conversation.pdf, and 04_Apple_Slack_Internal_Messages__002__Ravi_Internal_Title_Standard_and_Legal_Risk_Discussion.pdf. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 41. REQUEST FOR PRODUCTION NO. 41

Request:
All documents concerning your claim that you "promptly raised the discrepancy in writing, referencing the written offer letter and his reliance upon it," as alleged in Paragraph III(A)(13) of the Complaint.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's written communications raising the role/classification discrepancy and referencing Apple's written offer and Plaintiff's reliance, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__001__2025-12-22_Brian_to_Apple_Team_Time_Sensitive_Discrepancy.pdf, 03_Apple_Email_Role_Discrepancy__003__2025-12-28_Brian_to_Sanjay_Response.pdf, 03_Apple_Email_Role_Discrepancy__005__2026-01-07_Brian_to_Breda_Request_for_Confirmation.pdf, 03_Apple_Email_Role_Discrepancy__007__2026-02-02_Brian_to_Breda_and_Rob_Leadership_Position_on_Title.pdf, and responsive materials in Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 42. REQUEST FOR PRODUCTION NO. 42

Request:
All documents concerning your claims that "Defendant informed Plaintiff that the internal job classification would not be changed" and "further indicated that if Plaintiff did not accept the

internal classification, he could 'move on,'" as alleged in Paragraphs III(A)(14) and (15) of the Complaint.

Response:

Plaintiff objects to this Request as overbroad and disproportionate to the extent it seeks all documents concerning a broad allegation without limitation and to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts. Plaintiff further objects to the extent the Request seeks privileged materials, work product, drafts, mental impressions, legal research, litigation strategy, or private materials not relevant to any claim or defense. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Apple's communications regarding whether the internal classification would be changed and related communications concerning Plaintiff's objection to the internal classification, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__002__2025-12-28_Sanjay_to_Brian_Discrepancy_Response.pdf, 03_Apple_Email_Role_Discrepancy__004__2026-01-07_Breda_to_Brian_Follow_Up_on_Job_Title.pdf, 03_Apple_Email_Role_Discrepancy__005__2026-01-07_Brian_to_Breda_Request_for_Confirmation.pdf, and responsive materials in Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside the scope of this response and protected materials on the basis of these objections.

## 43. REQUEST FOR PRODUCTION NO. 43

Request:

All documents concerning your claim that "Plaintiff created substantive work product relevant to the team's objectives," as alleged in Paragraph III(A)(17) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access, including Apple work product repositories, internal messaging systems, email, feedback channels, meeting notes, or termination records. Plaintiff further objects to the extent it seeks privileged materials, work product, or documents outside Plaintiff's possession, custody, or control. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff is not presently aware of nonprivileged responsive documents within his possession, custody, or control concerning substantive Apple work product beyond materials, if any, located on Apple-controlled systems or otherwise reflected in Plaintiff's production. Plaintiff is not producing separate work-product files in response to this Request at this time. Plaintiff is withholding materials outside Plaintiff's possession, custody, or control and protected materials on the basis of these objections.

## 44. REQUEST FOR PRODUCTION NO. 44

Request:

All documents concerning your claim that "Plaintiff received informal positive feedback from colleagues regarding his work product," as alleged in Paragraph III(A)(18) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access, including Apple work product repositories, internal messaging systems, email, feedback channels, meeting notes, or termination records. Plaintiff further objects to the extent it seeks privileged materials, work product, or documents outside Plaintiff's possession, custody, or control. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff is not presently aware of nonprivileged responsive documents within his possession, custody, or control concerning informal positive feedback from Apple colleagues beyond materials, if any, located on Apple-controlled systems or otherwise reflected in Plaintiff's production. Plaintiff is not producing separate positive-feedback documents in response to this Request at this time. Plaintiff is withholding materials outside Plaintiff's possession, custody, or control and protected materials on the basis of these objections.

## 45. REQUEST FOR PRODUCTION NO. 45

Request:

All documents concerning your claim that "[o]n February 2, 2026, Plaintiff sent a written inquiry seeking clarification as to whether Defendant was unwilling to align the internal job classification with the role identified in the written offer letter," as alleged in Paragraph III(A)(21) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's February 2, 2026 written inquiry seeking clarification regarding whether Apple was unwilling to align the internal job classification with the role identified in the written offer letter, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__007__2026-02-02_Brian_to_Breda_and_Rob_Leadership_Position_on_Title.pdf. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 46. REQUEST FOR PRODUCTION NO. 46

Request:

All documents concerning your claim that "[w]ithin hours of that written communication, Defendant informed Plaintiff that his employment would be terminated," as alleged in Paragraph III(A)(24) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's February 2, 2026 written communication and Apple's termination of Plaintiff's employment shortly thereafter, as reflected in Plaintiff's Production Index served concurrently herewith, including 03_Apple_Email_Role_Discrepancy__007__2026-02-02_Brian_to_Breda_and_Rob_Leadership_Position_on_Title.pdf and 01_Offer_and_Termination__002__Apple_Termination_Letter_Brian_Aly.pdf. Plaintiff is withholding materials outside his possession, custody, or control and protected materials on the basis of these objections.

## 47. REQUEST FOR PRODUCTION NO. 47

Request:

All documents concerning your claim that "[d]uring the termination meeting, Defendant referenced Plaintiff's written communications regarding the role discrepancy as reflecting 'bad judgment,'" as alleged in Paragraph III(A)(27) of the Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access, including Apple work product repositories, internal messaging systems, email, feedback channels, meeting notes, or termination records. Plaintiff further objects to the extent it seeks privileged materials, work product, or documents outside Plaintiff's possession, custody, or control. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff is not presently aware of nonprivileged responsive documents within his possession, custody, or control specifically memorializing the alleged "bad judgment" statement during the termination meeting, other than documents otherwise produced concerning Plaintiff's written communications and termination, including 03_Apple_Email_Role_Discrepancy__007__2026-02-02_Brian_to_Breda_and_Rob_Leadership_Position_on_Title.pdf and 01_Offer_and_Termination__002__Apple_Termination_Letter_Brian_Aly.pdf. Plaintiff is withholding materials outside Plaintiff's possession, custody, or control and protected materials on the basis of these objections.

## 48. REQUEST FOR PRODUCTION NO. 48

Request:
All documents concerning your claim that "Plaintiff has actively mitigated damages by applying for comparable employment opportunities and engaging in ongoing job search efforts," as alleged in Paragraph III(A)(30) of the Complaint.

Response:
Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the extent it seeks all documents concerning Plaintiff's job search or mitigation efforts, including private, sensitive, confidential, or presently nonessential information concerning active or prospective employers, recruiters, interviewers, hiring managers, teams, and business units. Plaintiff further objects to the extent disclosure could prejudice Plaintiff's mitigation efforts or expose Plaintiff to professional or retaliatory harm. Subject to and without waiving these objections, Plaintiff will produce nonprivileged documents sufficient to show selected mitigation efforts, including selected application confirmations, rejection notices, and recruiting-status communications for MBA internship and full-time opportunities in product management, technology, business, strategy, and related fields comparable to the Product Manager role and career track that Plaintiff alleges Apple represented to Plaintiff during the recruiting process and in its written offer, as reflected in Plaintiff's Production Index served concurrently herewith, including 06_Mitigation_Job_Search__001__MBA_Internship_and_Full_Time_Application_Rejections.pdf. Plaintiff is withholding or redacting nonpublic identities and contact information of active or prospective employers, recruiters, interviewers, hiring managers, teams, and business units pending an appropriate protective framework or further meet-and-confer, as well as privileged, protected, irrelevant, or disproportionate materials.

## 49. REQUEST FOR PRODUCTION NO. 49

Request:
All documents concerning your claim that "Defendant refused to provide Plaintiff with the role designation described in the written offer letter," as alleged in Paragraph III(B)(6) of the Complaint.

Response:
Plaintiff objects to this Request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including documents located solely on Apple-controlled systems or accounts to which Plaintiff no longer has access. Plaintiff further objects to the extent the Request seeks privileged or work-product materials, drafts, mental impressions, legal research, or litigation strategy. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents concerning Plaintiff's claim that Apple refused to provide Plaintiff with the role designation described in the written offer letter, as reflected in Plaintiff's Production Index served concurrently herewith, including 01_Offer_and_Termination__001__Apple_Offer_Letter_Product_Manager.pdf, 03_Apple_Email_Role_Discrepancy__002__2025-12-

28_Sanjay_to_Brian_Discrepancy_Response.pdf,
03_Apple_Email_Role_Discrepancy__004__2026-01-
07_Breda_to_Brian_Follow_Up_on_Job_Title.pdf,
03_Apple_Email_Role_Discrepancy__005__2026-01-
07_Brian_to_Breda_Request_for_Confirmation.pdf,
03_Apple_Email_Role_Discrepancy__007__2026-02-
02_Brian_to_Breda_and_Rob_Leadership_Position_on_Title.pdf, and responsive materials in
Folder 04_Apple_Slack_or_Internal_Messages. Plaintiff is withholding materials outside his
possession, custody, or control and protected materials on the basis of these objections.

## 50. REQUEST FOR PRODUCTION NO. 50

Request:

All documents concerning your claim that "[a]t the time Defendant issued the written offer
letter, Defendant had determined that Plaintiff would be formally classified within its internal
HR system under the ML-Data Scientist job track," as alleged in Paragraph III(B)(3) of the
Complaint.

Response:

Plaintiff objects to this Request to the extent it seeks documents primarily or exclusively within
Apple's possession, custody, or control, including documents concerning Apple's internal job
tracks, classification systems, HRIS records, leveling, evaluation, benchmarking, professional
positioning frameworks, job codes, job profiles, internal approvals, or pre-offer classification
decisions. Plaintiff further objects to the extent it seeks privileged materials, work product, or
documents not within Plaintiff's possession, custody, or control. Subject to and without waiving
these objections, Plaintiff will produce nonprivileged responsive documents within his
possession, custody, or control reflecting what was communicated to Plaintiff or what Plaintiff
reasonably understood from available materials concerning Apple's internal classification of
Plaintiff's role, as reflected in Plaintiff's Production Index served concurrently herewith,
including 03_Apple_Email_Role_Discrepancy__002__2025-12-
28_Sanjay_to_Brian_Discrepancy_Response.pdf,
03_Apple_Email_Role_Discrepancy__004__2026-01-
07_Breda_to_Brian_Follow_Up_on_Job_Title.pdf,
04_Apple_Slack_Internal_Messages__001__Workday_Title_Discovery_and_Sanghoon_Title_
Conversation.pdf, and
04_Apple_Slack_Internal_Messages__002__Ravi_Internal_Title_Standard_and_Legal_Risk_D
iscussion.pdf. Plaintiff is withholding materials outside his possession, custody, or control and
protected materials on the basis of these objections.

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

## 51. REQUEST FOR PRODUCTION NO. 51

Request:
All documents not otherwise responsive to any other request concerning this Action but relate to or concern the allegations contained in the Complaint, the damages you seek, or the defenses asserted by Defendant.

Response:
Plaintiff objects to this Request as overbroad, vague, unduly burdensome, cumulative, duplicative, and disproportionate to the needs of the case because it is an unbounded catch-all request for all documents not otherwise responsive but concerning the Action, the Complaint, damages, or defenses. Plaintiff further objects to the extent it seeks privileged materials, work product, private materials, or documents not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff will produce nonprivileged responsive documents within his possession, custody, or control that are not duplicative of documents produced in response to other Requests and that are relevant and proportional to the claims or defenses in this Action, as reflected in Plaintiff's Production Index served concurrently herewith, including responsive materials in Folder 01_Offer_and_Termination, Folder 02_LinkedIn_Recruiting, Folder 03_Apple_Email_Role_Discrepancy, Folder 04_Apple_Slack_or_Internal_Messages, Folder 05_Wharton_LOA_and_Return, and Folder 06_Mitigation_Job_Search. Plaintiff is withholding documents outside the scope of Rule 26(b)(1), privileged or protected materials, duplicative materials, and documents not within his possession, custody, or control on the basis of these objections.

## IV. VERIFICATION

I, Brian Aly, declare under penalty of perjury that I have read the foregoing Responses and Objections to Defendant Apple Inc.'s First Set of Requests for Production of Documents and that the factual responses are true and correct to the best of my knowledge, information, and belief after reasonable inquiry.

Dated: June 9, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, I served a true and correct copy of the foregoing Plaintiff's Responses and Objections to Defendant Apple Inc.'s First Set of Requests for Production of Documents by email on counsel for Defendant Apple Inc.

*/s/ Brian Aly*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Aly,
*Plaintiff,*

v.

Apple Inc.,
*Defendant.*

# PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES

Dated: June 8, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

Plaintiff Brian Aly, proceeding pro se, responds and objects to Defendant Apple Inc.'s First Set of Interrogatories as follows.

## I. PRELIMINARY STATEMENT AND OBJECTIONS

1. These responses are based on information reasonably available to Plaintiff at this stage of discovery and are made after reasonable inquiry. Plaintiff reserves the right to amend, supplement, or correct these responses pursuant to Federal Rule of Civil Procedure 26(e) as discovery proceeds, including after Defendant's document production, interrogatory responses, deposition testimony, and other discovery.

2. Plaintiff objects to Defendant's definitions and instructions to the extent they exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any order of the Court. Plaintiff specifically objects to Instruction No. 11 to the extent it invokes CPLR 3101(h), because this action is pending in federal court and Plaintiff's supplementation obligations are governed by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(e).

3. Plaintiff objects to Defendant's definitions of "you," "your," and "Plaintiff" to the extent they purport to include attorneys, legal advisors, litigation-support resources, agents, relatives, representatives, or other persons in a manner that seeks privileged communications, work product, mental impressions, litigation strategy, or information outside Plaintiff's possession, custody, or control. Plaintiff will answer based on his personal knowledge, reasonably available information, and nonprivileged information.

4. Plaintiff objects to each Interrogatory to the extent it seeks information protected by attorney-client privilege, work-product doctrine, privacy rights, confidentiality protections, or any other applicable privilege or protection. Plaintiff further objects to each Interrogatory to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, seeks information not relevant to any claim or defense, or seeks information already in Defendant's possession, custody, or control.

5. Plaintiff does not waive, and expressly reserves, all objections as to relevance, admissibility, materiality, privilege, work product, confidentiality, and proportionality. Any response below is made subject to and without waiving those objections.

## II. RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify all persons who possess or may possess knowledge pertaining to any fact or issue involved in this Action, and/or any claim or defense asserted in the pleadings in this Action.
**RESPONSE TO INTERROGATORY NO. 1:**
Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, vague, and disproportionate to the needs of the case to the extent it seeks "all persons" who may possess

knowledge pertaining to "any fact or issue" or "any claim or defense" in this Action. Plaintiff further objects to the extent this Interrogatory seeks information concerning persons whose identities, roles, or involvement are presently within Defendant's possession, custody, or control. Subject to and without waiving these objections, Plaintiff identifies the following individuals and categories of individuals as likely to have discoverable information: Plaintiff Brian Aly; Sanghoon Kwak; Ravi Nudurupati; Todd Teresi; Eddy Cue; Breda Barker; Tyler Brown; Apple recruiters, recruiting coordinators, interviewers, and hiring personnel involved in Plaintiff's candidacy; Apple HR, People, compensation, HRIS, employee relations, or personnel-system employees involved in Plaintiff's hiring, classification, compensation approval, role coding, or internal classification; Apple employees involved in reviewing or responding to Plaintiff's concerns regarding the discrepancy between the written offer and internal classification; Apple employees involved in considering, recommending, approving, communicating, or implementing Plaintiff's termination; Apple employees or colleagues who reviewed, received, discussed, or provided feedback concerning Plaintiff's work product; Wharton / University of Pennsylvania personnel with knowledge of Plaintiff's leave of absence, academic status, and MBA recruiting participation; and any individuals identified by Defendant in its initial disclosures, document productions, interrogatory responses, deposition testimony, or other discovery. Plaintiff refers Defendant to Plaintiff's Initial Disclosures, Section I, and reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 2:**
Identify all persons other than your attorney(s) with whom you have communicated, spoken, or otherwise corresponded regarding your claims in this Action or any fact, allegation, or issue involved in this Action.

**RESPONSE TO INTERROGATORY NO. 2:**
Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, vague, and disproportionate to the needs of the case to the extent it seeks every person with whom Plaintiff may have had any discussion regarding the litigation, including casual, personal, non-substantive, privileged, protected, strategic, or irrelevant communications. Plaintiff further objects to the extent the Interrogatory seeks information protected by privacy interests, work-product protection, or any other applicable privilege or protection. Subject to and without waiving these objections, Plaintiff identifies the individuals and categories of individuals listed in Plaintiff's Initial Disclosures, Section I, to the extent Plaintiff communicated with them concerning factual matters relevant to the claims or defenses in this action. Plaintiff further states that, beyond individuals identified in Plaintiff's Initial Disclosures, his non-attorney communications regarding this Action have been limited primarily to family members in personal, non-substantive, or litigation-support contexts. Plaintiff does not presently identify those family members as persons with independent discoverable factual knowledge concerning the events giving rise to Plaintiff's claims. Plaintiff will supplement this response as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 3:**

Identify all witnesses you believe may have witnessed, or actually did witness, any alleged retaliation or unlawful conduct (or omission) that you claim you were subjected to as an employee of Apple, or who were otherwise made aware of such alleged retaliation or unlawful conduct.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as vague and ambiguous to the extent the phrases "witnessed," "unlawful conduct," "omission," and "made aware" are undefined and may include internal Apple communications and decision-making processes not presently available to Plaintiff. Plaintiff further objects to the extent the Interrogatory seeks information presently in Defendant's possession, custody, or control. Subject to and without waiving these objections, Plaintiff identifies Plaintiff Brian Aly; Sanghoon Kwak; Ravi Nudurupati; Todd Teresi; Eddy Cue; Breda Barker; Tyler Brown; Apple employees involved in reviewing or responding to Plaintiff's concerns regarding the discrepancy between the written offer and internal classification; Apple employees involved in considering, recommending, approving, communicating, or implementing Plaintiff's termination; and any other Apple personnel identified in discovery as having received, reviewed, discussed, responded to, escalated, or acted upon Plaintiff's concerns or termination. Plaintiff further refers Defendant to Plaintiff's Initial Disclosures, Section I. Plaintiff will supplement this response after Defendant produces documents and identifies relevant decision makers, custodians, and communications.

**INTERROGATORY NO. 4:**

Identify every source of income received by or accruing to you during or after your employment with Apple, other than from your employment with Apple including, but not limited to, wages, commissions, stock options, employment benefits, unemployment compensation benefits, workers' compensation benefits, disability insurance benefits, and/or Social Security benefits, stating the total amount received from each source and the dates on which such amounts were received.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as overbroad and disproportionate to the extent it seeks information unrelated to mitigation, damages, or any claim or defense in this Action. Subject to and without waiving this objection, Plaintiff responds, based on information reasonably available after reasonable inquiry, that he has not received income from any source during or after his employment with Apple other than compensation received from Apple. Plaintiff reserves the right to supplement this response pursuant to Federal Rule of Civil Procedure 26(e) if additional responsive information becomes available.

**INTERROGATORY NO. 5:**

Identify any jobs, internships, or other employment positions that you claim you forwent in reliance on the position at Apple.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory to the extent it seeks information beyond the scope of the claims and defenses or seeks speculative opportunities not reasonably identifiable at this stage. Subject to and without waiving this objection, Plaintiff states that he relied on Apple's written offer and Product Manager role designation in taking a leave of absence from the Wharton MBA program, committing to full-time employment with Apple, and foregoing participation in the structured first-year MBA recruiting processes in which Wharton MBA students typically participate. Specifically, Plaintiff did not participate in the fall-semester recruiting processes for consulting and technology internships and other positions because he had accepted Apple's offer. If Plaintiff had not received and relied on Apple's offer letter, Plaintiff would have applied for consulting and technology roles through structured MBA recruiting processes that typically begin with applications during the fall semester of the first year. Plaintiff believes, based on his academic record, professional background, and prior experience, that he would have been a competitive candidate for such opportunities. Plaintiff will supplement this response as discovery and review of records proceeds.

**INTERROGATORY NO. 6:**

Identify all academic opportunities that you claim you forwent in reliance on the position at Apple.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections, Plaintiff states that he took a formal leave of absence from the Wharton MBA program in reliance on Apple's written offer and Product Manager role designation. Plaintiff further states that his reliance on Apple's offer disrupted his academic plans, continued enrollment trajectory, MBA recruiting participation, and related professional-development opportunities associated with remaining enrolled without interruption. Plaintiff presently identifies the following academic and academic-adjacent opportunities: continued participation in the Wharton MBA program during the relevant academic period; continued access to Wharton academic programming, career-management resources, recruiting preparation, employer events, networking opportunities, and professional-development activities available to enrolled first-year MBA students; and continued participation in MBA recruiting processes associated with remaining enrolled without interruption. Plaintiff will supplement this response as appropriate after review of Wharton records and related materials.

**INTERROGATORY NO. 7:**

Identify each person from whom you and/or your attorneys have obtained a written statement concerning the facts or defenses of this Action, and identify each such written statement.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory to the extent it seeks attorney work product, attorney-client privileged communications, litigation strategy, or materials prepared in anticipation of litigation. Subject to and without waiving these objections, Plaintiff has not presently obtained any signed or formal written witness statement from a non-attorney third party concerning the facts or defenses of this Action. To the extent Defendant intends this Interrogatory to include ordinary documents, emails, text messages, or communications that are not formal witness statements, Plaintiff objects as vague, overbroad, and duplicative of Defendant's requests for production. Plaintiff will supplement this response if additional responsive, nonprivileged information becomes available.

**INTERROGATORY NO. 8:**

Identify each and every person you have reason to believe you will call to testify (including any expert witnesses) and state the subject matter on which each such person is expected to testify.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory as premature to the extent it seeks a final trial witness list or expert disclosures before completion of discovery and before any deadline for expert disclosures, pretrial submissions, or trial witness lists. Subject to and without waiving this objection, Plaintiff expects to testify on his own behalf and may call individuals identified in Plaintiff's Initial Disclosures, Section I, including Sanghoon Kwak, Ravi Nudurupati, Todd Teresi, Eddy Cue, Breda Barker, Tyler Brown, Apple recruiting, HR, People, compensation, HRIS, employee relations, or personnel-system employees, Apple employees involved in responding to Plaintiff's concerns or termination, Apple employees or colleagues with knowledge of Plaintiff's work product and performance, Wharton / University of Pennsylvania personnel, and other individuals identified through discovery. The expected subject matters include recruiting, hiring, role representations, internal classification, Plaintiff's reliance, Plaintiff's concerns and written objections, Apple's response to Plaintiff's concerns, termination timing and basis, performance/pretext, damages, and mitigation. Plaintiff has not yet retained or designated any expert witness, and expert disclosures are not presently due. Plaintiff reserves the right to supplement this response in accordance with the Court's scheduling order, Federal Rule of Civil Procedure 26, and other applicable rules.

**INTERROGATORY NO. 9:**

Identify each and every person referred to as "Defendant" in Paragraphs III(A)(14), (15), (24), and (27) of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent it mischaracterizes the Complaint or assumes that the term "Defendant" referred to specific individual persons rather than the corporate defendant, Apple Inc., acting through its employees, agents, managers, HR/People personnel,

recruiters, representatives, or other persons acting on its behalf. Subject to and without waiving this objection, Plaintiff used "Defendant" in the Complaint to refer to Apple Inc. To the extent those paragraphs concern actions taken by Apple through specific employees or agents, the precise identities of all such persons are presently within Defendant's possession, custody, or control. Based on information presently available, potentially relevant individuals may include Sanghoon Kwak, Ravi Nudurupati, Breda Barker, Tyler Brown, Todd Teresi, Eddy Cue, and other Apple recruiting, HR, People, compensation, HRIS, employee relations, management, or personnel-system employees involved in Plaintiff's recruiting, hiring, classification, response to concerns, performance, or termination. Plaintiff will supplement this response after Defendant produces documents and identifies relevant custodians, decision makers, and communications.

**INTERROGATORY NO. 10:**
Identify each and every person who assisted in the preparation of your responses to these Interrogatories and the identification of documents responsive to Defendant's First Request for Production of Documents.

**RESPONSE TO INTERROGATORY NO. 10:**
Plaintiff objects to this Interrogatory to the extent it seeks attorney-client privileged communications, attorney work product, legal research, litigation strategy, mental impressions, drafts, internal analyses, or other protected material. Plaintiff further objects to the phrase "assisted" as vague and overbroad to the extent it could include clerical, technological, research, editing, organizational, or non-substantive assistance. Subject to and without waiving these objections, Plaintiff states that he prepared these responses and identified responsive documents himself, based on his personal knowledge, reasonable inquiry, and review of his records. No non-attorney person provided substantive factual assistance in preparing these responses or identifying responsive documents. To the extent Plaintiff used legal research tools, drafting tools, organizational tools, transcription tools, or similar resources, Plaintiff does not understand those tools to be "persons" and objects to any request seeking privileged or protected prompts, drafts, legal theories, mental impressions, litigation strategy, or work product.

**INTERROGATORY NO. 11:**
Identify all social networking sites (i.e., Facebook, Instagram, LinkedIn, X (f/k/a Twitter), internet forums, weblogs, social blogs, microblogs, wikis, and/or similar websites) you have used to discuss Apple and/or the allegations contained in your Complaint, and identify your "username" for each such site.

**RESPONSE TO INTERROGATORY NO. 11:**
Plaintiff objects to this Interrogatory as overbroad, vague, and disproportionate to the extent it seeks identification of all social networking activity or accounts regardless of relevance to the claims or defenses in this Action. Plaintiff further objects to the extent the Interrogatory seeks private, irrelevant, privileged, protected, or nonresponsive information, or to the extent it could be construed to seek passwords, account access, or complete account histories. Subject to and without waiving these objections, Plaintiff states that his public discussions of Apple, if any, have been limited to industry analysis, market commentary, and earnings-call commentary on

LinkedIn and Substack, rather than discussion of the allegations contained in the Complaint. Plaintiff identifies the following platforms: LinkedIn – www.linkedin.com/in/brian-aly; Substack – https://substack.com/@alybrian. Plaintiff does not consent to production of passwords, account credentials, or unrestricted access to any social media account. Plaintiff will supplement this response pursuant to Federal Rule of Civil Procedure 26(e) if additional responsive information is identified.

**INTERROGATORY NO. 12:**

Identify all AI tools you have used to generate, draft, edit, revise, summarize, translate, transcribe, analyze, translate, transcribe, or organize text, images, audio, video, documents, or data. This includes, without limitation, ChatGPT, Claude, Gemini, CoPilot, Perplexity, Harvey, CoCounsel, Westlaw AI, Lexis+ AI).

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory as overbroad, vague, disproportionate, and not limited to information relevant to any claim or defense in this Action. Plaintiff further objects to the extent it seeks privileged information, work product, litigation strategy, mental impressions, legal research, prompts, drafts, analyses, or communications protected by any applicable privilege or doctrine. Subject to and without waiving these objections, Plaintiff identifies the following AI or AI-assisted tools that he has used in connection with generating, drafting, editing, revising, summarizing, transcribing, analyzing, organizing, or researching text, documents, audio, or other materials: ChatGPT, Gemini, and Otter.ai. Plaintiff states that he remains responsible for the factual content of his pleadings, disclosures, discovery responses, and filings. Plaintiff does not agree that Defendant is entitled to privileged or protected prompts, drafts, legal theories, legal research, mental impressions, litigation strategy, or work product.

**INTERROGATORY NO. 13:**

Identify all damages you claim you have suffered because of Defendant's alleged retaliatory conduct, including the types and amounts of all damages sought and the manner in which you or others acting on your behalf calculated such damages.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory to the extent it seeks a final computation of damages before completion of discovery, including before Defendant has produced compensation, equity, personnel, termination, and mitigation-related documents. Subject to and without waiving this objection, Plaintiff refers Defendant to Plaintiff's Initial Disclosures, Section III. Plaintiff claims damages including lost salary/back pay, lost equity compensation, reliance-based damages, consequential damages, non-economic damages, reputational damages, pre-judgment and post-judgment interest, statutory relief, equitable relief, and other relief available under applicable law. Plaintiff's annual base salary at Apple was $215,000, which equates to approximately $589 per day. Plaintiff's offer also included restricted stock units with an estimated value of $400,000 on the date of grant, and Plaintiff alleges lost equity compensation valued at approximately $100,000 annually, which equates to approximately $274 per day on an annualized basis. Plaintiff claims lost salary and equity from February 9, 2026 through

judgment or another legally applicable damages cutoff, less any mitigation earnings or offsets, if any, and subject to further proof. Plaintiff also claims reliance-based and consequential damages arising from decisions made in reliance on Apple's written offer and role designation, including taking a formal leave of absence from the Wharton MBA program, foregoing participation in structured first-year MBA recruiting processes, committing to full-time employment with Apple, relocation-related expenses, and disruption to academic and professional plans. Plaintiff also claims non-economic and reputational damages arising from Defendant's alleged conduct, including emotional distress, stress, anxiety, reputational harm, professional embarrassment, and injury to Plaintiff's professional standing and career trajectory, subject to further proof and supplementation as discovery proceeds. Plaintiff will supplement this response pursuant to Federal Rule of Civil Procedure 26(e) as discovery proceeds, including after receiving Defendant's compensation, equity, personnel, and termination documents.

**INTERROGATORY NO. 14:**
Identify all persons other than Apple for whom you have applied to work, worked for, or provided services to as an employee, officer, director, volunteer, proprietor, consultant or independent contractor or in any other capacity at any time from the date you began working for Apple, and for each such person provide the location of your work, your position, the dates of your relationship with such person/entity, the names of your supervisor(s), and the names of anyone with whom you communicated while interviewing or applying for the work.

**RESPONSE TO INTERROGATORY NO. 14:**
Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the extent it seeks information concerning all persons or entities for whom Plaintiff applied, worked, volunteered, provided services, or communicated with in any capacity, regardless of relevance to mitigation, damages, or any claim or defense. Plaintiff further objects to the extent the Interrogatory seeks private, sensitive, confidential, or presently nonessential information concerning Plaintiff's ongoing job-search efforts, including the identities of prospective employers, recruiters, interviewers, hiring managers, or other individuals involved in active or prospective applications. Plaintiff further objects to the extent disclosure of such information could prejudice Plaintiff's mitigation efforts or expose Plaintiff to professional or retaliatory harm. Subject to and without waiving these objections, Plaintiff states that he has not worked for, provided services to, or received income from any person or entity other than Apple from the date he began working for Apple to the present. Plaintiff further states that, after his employment with Apple ended, he applied in good faith to numerous MBA internship and full-time employment opportunities as part of his mitigation efforts, including opportunities in product management, technology, and related fields comparable to the Product Manager role and career track that Plaintiff alleges Apple represented to Plaintiff during the recruiting process and in its written offer. Plaintiff is willing to meet and confer regarding an appropriate protective framework, if necessary, for any specific mitigation-related information that is relevant, proportional, and not otherwise objectionable. Plaintiff reserves the right to supplement this response pursuant to Federal Rule of Civil Procedure 26(e).

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

**INTERROGATORY NO. 15:**

Identify all other roles or positions that you applied to between January 1, 2025 and present. Include the team or business unit, hiring manager, role title, and job responsibilities for each such role or position.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every role or position to which Plaintiff applied from January 1, 2025 to the present, regardless of relevance to Plaintiff's claims, reliance theory, mitigation, damages, or Defendant's defenses. Plaintiff further objects to the extent the Interrogatory seeks private, sensitive, confidential, or presently nonessential information concerning Plaintiff's ongoing job-search efforts, including the identities of prospective employers, recruiters, interviewers, hiring managers, teams, business units, or other individuals involved in active or prospective applications. Plaintiff further objects to the extent disclosure of such information could prejudice Plaintiff's mitigation efforts or expose Plaintiff to professional or retaliatory harm. Plaintiff also objects to the extent the Interrogatory seeks information not reasonably available to Plaintiff, including hiring-manager identities, team or business-unit information, or job responsibilities that may not have been disclosed to Plaintiff or preserved in Plaintiff's records. Subject to and without waiving these objections, Plaintiff states that, after his employment with Apple ended, he applied in good faith to numerous MBA internship and full-time employment opportunities as part of his mitigation efforts, including opportunities in product management, technology, and related fields comparable to the Product Manager role and career track that Plaintiff alleges Apple represented to Plaintiff during the recruiting process and in its written offer. Plaintiff is willing to meet and confer regarding an appropriate protective framework, if necessary, for any specific mitigation-related information that is relevant, proportional, and not otherwise objectionable. Plaintiff reserves the right to supplement this response pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 16:**

Identify each and every document or other piece of tangible evidence relevant to your claims which has been lost, destroyed or cannot be found and whether any other copy of it can be accounted for and identify the date when each document was destroyed or lost.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory as overbroad and vague to the extent it seeks "each and every" document or tangible evidence without limitation and to the extent it includes documents, systems, communications, or data in Defendant's possession, custody, or control. Subject to and without waiving this objection, after reasonable inquiry, Plaintiff is not presently aware of any nonprivileged document or tangible evidence relevant to his claims that was in Plaintiff's possession, custody, or control and has been lost, destroyed, or cannot be found. Plaintiff notes that, following termination, he no longer has access to certain Apple-controlled systems, accounts, communications, files, or records, which are in Defendant's possession, custody, or control. Plaintiff will supplement this response if additional responsive information becomes available.

## III. VERIFICATION

I, Brian Aly, declare under penalty of perjury that I have read the foregoing Responses to Defendant Apple Inc.'s First Set of Interrogatories and that the factual responses are true and correct to the best of my knowledge, information, and belief.

Dated: June 8, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I served Plaintiff's Responses and Objections to Defendant Apple Inc.'s First Set of Interrogatories by email on counsel for Defendant Apple Inc.

*/s/ Brian Aly*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Aly,
*Plaintiff,*

V.

Apple Inc.,
*Defendant.*

---

# PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

---

Dated: May 19, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu

*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Brian Aly provides the following initial disclosures.

These disclosures are based on information reasonably available to Plaintiff at this stage of the litigation. Plaintiff reserves the right to amend, supplement, or modify these disclosures pursuant to Federal Rule of Civil Procedure 26(e) as discovery proceeds, including after Defendant's document production, interrogatory responses, deposition testimony, and other discovery.

By providing these disclosures, Plaintiff does not concede the admissibility, relevance, materiality, or sufficiency of any information identified herein. Plaintiff reserves all rights to object to the use of any document, testimony, or evidence in this action. Plaintiff further reserves all privileges, protections, and objections, including attorney-client privilege, work-product protection, privacy objections, and any other applicable protections.

## I. Individuals

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Plaintiff identifies the following individuals likely to have discoverable information that Plaintiff may use to support his claims, unless the use would be solely for impeachment. Plaintiff reserves the right to supplement this list as discovery proceeds.

1. Brian Aly, Plaintiff. Plaintiff has knowledge concerning the allegations in the Complaint, including Apple's recruiting and hiring process, the written offer, Plaintiff's reliance on the Product Manager role designation, Plaintiff's discovery of the internal classification discrepancy, Plaintiff's communications with Apple regarding the discrepancy, Plaintiff's work product and performance, Plaintiff's termination, Plaintiff's damages, and Plaintiff's mitigation efforts.

2. Sanghoon Kwak, Apple Inc. Contact through counsel for Defendant Apple Inc. Upon information and belief, Mr. Kwak has knowledge concerning Plaintiff's role, team, onboarding, assignments, expectations, work product, performance, communications regarding Plaintiff's role and internal classification, the termination letter, and/or the circumstances leading to Plaintiff's termination.

3. Breda Barker, Apple Inc. Contact through counsel for Defendant Apple Inc. Upon information and belief, Ms. Barker has knowledge concerning Plaintiff's employment with Apple, Plaintiff's internal classification, Plaintiff's communications regarding the role/classification discrepancy, Apple's response to Plaintiff's concerns, HR/People processes, and/or the circumstances leading to Plaintiff's termination.

4. Tyler Brown, Apple Inc. Contact through counsel for Defendant Apple Inc. Upon information and belief, Mr. Brown has knowledge concerning Plaintiff's recruiting process, communications with Plaintiff regarding the role, the written offer, the Product Manager title, the hiring process, offer acceptance, and information provided to Plaintiff before he accepted Apple's offer.

5. Ravi Nudurupati, Apple Inc. Contact through counsel for Defendant Apple Inc. Upon information and belief, Mr. Nudurupati has knowledge concerning Plaintiff's role, team structure, reporting chain, onboarding, assignments, expectations, performance, internal classification, communications regarding Plaintiff's role and classification, any escalation of Plaintiff's concerns, and/or the circumstances leading to Plaintiff's termination.

6. Todd Teresi, Apple Inc. Contact through counsel for Defendant Apple Inc. Upon information and belief, Mr. Teresi has knowledge concerning Apple Ads organizational structure, Product Manager and ML Data Scientist roles within Apple, role classification practices, reporting structures, management expectations, and/or policies or practices relevant to the classification, evaluation, and management of employees within Apple. Plaintiff also sent Mr. Teresi an email early in the relevant period raising concerns regarding the issue.

7. Eddy Cue, Apple Inc. Contact through counsel for Defendant Apple Inc. Upon information and belief, Mr. Cue has knowledge concerning Apple Services organizational structure, Apple Ads reporting structure, Apple Ads leadership, escalation channels, and/or communications concerning Plaintiff's concerns regarding the discrepancy between the written offer and Plaintiff's internal classification. Plaintiff also sent Mr. Cue an email early in the relevant period raising concerns regarding the issue.

8. Apple recruiters, recruiting coordinators, interviewers, and hiring personnel involved in Plaintiff's candidacy. Names and contact information are presently in Defendant's possession, custody, or control. Contact through counsel for Defendant Apple Inc. These individuals may have knowledge concerning Apple's recruiting process, interview process, job requisition, candidate-facing title, role description, offer approval, compensation approval, and representations made to Plaintiff before acceptance of Apple's offer.

9. Apple HR, People, compensation, HRIS, employee relations, or personnel-system employees involved in Plaintiff's hiring, classification, compensation approval, role coding, or internal classification. Names and contact information are presently in Defendant's possession, custody, or control. Contact through counsel for Defendant Apple Inc. These individuals may have knowledge concerning Plaintiff's internal job family, job code, job profile, level, business title, system title, compensation classification, benchmarking classification, and any internal processes used to assign, approve, maintain, explain, or refuse to change Plaintiff's internal classification.

10. Apple employees involved in reviewing or responding to Plaintiff's concerns regarding the discrepancy between the written offer and internal classification. Names and contact information are presently in Defendant's possession, custody, or control. Contact through counsel for Defendant Apple Inc. These individuals may have knowledge concerning Plaintiff's written and oral concerns regarding the discrepancy, Apple's response to those concerns, any internal discussion or escalation of those concerns, and any decision regarding whether Plaintiff's internal classification could or would be changed.

11. Apple employees involved in considering, recommending, approving, communicating, or implementing Plaintiff's termination. Names and contact information are presently in Defendant's possession, custody, or control. Contact through counsel for Defendant Apple Inc. These individuals may have knowledge concerning when termination was first discussed, considered, recommended, approved, finalized, or communicated; the reasons Apple contends supported termination; any communications relating to Plaintiff's February 2, 2026 written inquiry; and the circumstances surrounding Plaintiff's termination.

12. Apple employees or colleagues who reviewed, received, discussed, or provided feedback concerning Plaintiff's work product. Names and contact information are presently in Defendant's possession, custody, or control. Contact through counsel for Defendant Apple Inc. These individuals may have knowledge concerning Plaintiff's assignments, work product, performance, informal feedback, onboarding, team interactions, and whether Plaintiff received positive or negative feedback before termination.

13. Wharton / University of Pennsylvania personnel with knowledge of Plaintiff's leave of absence, academic status, and MBA recruiting participation. These individuals may have knowledge concerning Plaintiff's leave of absence from the Wharton MBA program, Plaintiff's academic status, Plaintiff's MBA recruiting participation, and the academic and professional consequences of Plaintiff's reliance on Apple's written offer and role designation.

14. Recruiters, potential employers, interviewers, or professional contacts involved in Plaintiff's post-termination job search and mitigation efforts. These individuals may have knowledge concerning Plaintiff's mitigation efforts, job applications, interviews, recruiting activity, comparable employment opportunities, and damages.

15. Any individuals identified by Defendant in its initial disclosures, document productions, interrogatory responses, deposition testimony, or other discovery. Plaintiff reserves the right to rely on individuals identified by Defendant or through discovery whose testimony or information may support Plaintiff's claims.

## II. Documents and ESI

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiff identifies the following categories and locations of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support his claims, unless the use would be solely for impeachment. Plaintiff reserves the right to supplement this list as discovery proceeds.

1. Recruiting and hiring documents: Documents and communications concerning Plaintiff's recruiting process, interview process, offer, role title, role description, compensation, equity, start date, reporting line, and acceptance of Apple's offer. These materials are located in Plaintiff's personal email accounts, personal computer, cloud storage, phone, and files.

2. Written offer materials: Plaintiff's written offer letter and related documents identifying the position as "Product Manager - Apple Ads Campaign Optimization," including attachments,

compensation information, equity information, relocation materials, and related offer materials. These materials are located in Plaintiff's personal email accounts, personal computer, cloud storage, and files.

3. Communications with Apple: Emails, messages, calendar invitations, notes, and other communications between Plaintiff and Apple employees, recruiters, managers, HR personnel, People personnel, or other representatives concerning Plaintiff's recruitment, hiring, role, title, internal classification, responsibilities, compensation, performance, concerns, and termination. These materials are located in Plaintiff's personal email accounts, phone, personal computer, cloud storage, and files.

4. Documents concerning Plaintiff's internal classification: Documents, screenshots, records, or communications reflecting Plaintiff's internal classification as "ML Data Scientist ICT4" or any related internal job family, job code, job profile, role code, business title, system title, level, career track, compensation classification, or benchmarking classification. These materials are located in Plaintiff's personal email accounts, personal computer, phone, cloud storage, and files.

5. Documents concerning Plaintiff's concerns regarding the role/classification discrepancy: Documents and communications concerning Plaintiff's written or oral concerns, complaints, questions, or objections regarding any discrepancy between the role represented to Plaintiff and Plaintiff's internal classification, including communications referencing the written offer, role designation, reliance, and potential legal or compliance concerns. These materials are located in Plaintiff's personal email accounts, phone, personal computer, cloud storage, and files.

6. February 2, 2026 written inquiry: Documents and communications concerning Plaintiff's February 2, 2026 written inquiry seeking clarification regarding Apple's refusal or unwillingness to align the internal classification with the role identified in the written offer. These materials are located in Plaintiff's personal email accounts, phone, personal computer, cloud storage, and files.

7. Termination documents: Plaintiff's termination letter and any documents or communications concerning the termination of Plaintiff's employment, including documents reflecting the effective termination date, stated termination rationale, Decision Review process, and communications during or after the termination process. These materials are located in Plaintiff's personal email accounts, personal computer, cloud storage, phone, and files.

8. Performance, onboarding, and work product documents: Documents concerning Plaintiff's onboarding, training, assignments, projects, deliverables, objectives, expectations, work product, performance, informal feedback, and any communications concerning Plaintiff's performance or contributions. These materials are located in Plaintiff's personal email accounts, personal computer, cloud storage, phone, and files.

9. Documents concerning lack of prior warning or performance process: Documents and communications concerning whether Plaintiff was placed on a performance improvement plan, provided written warnings, informed that termination was under consideration, given specific

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

written notice of deficiencies, or given an opportunity to address alleged deficiencies before termination. These materials are located in Plaintiff's personal email accounts, personal computer, cloud storage, phone, and files.

10. Wharton leave and academic documents: Documents concerning Plaintiff's leave of absence from the Wharton MBA program, academic status, MBA recruiting participation, interruption of academic plans, and reliance-based decisions made in connection with accepting Apple's offer. These materials are located in Plaintiff's personal email accounts, Wharton email account if available, cloud storage, personal computer, and records maintained by the University of Pennsylvania / The Wharton School.

11. Mitigation and job-search documents: Documents concerning Plaintiff's post-termination mitigation efforts, including job applications, recruiter communications, interview records, networking communications, resumes, cover letters, job-search trackers, job postings, rejections, offers, and comparable employment opportunities. These materials are located in Plaintiff's personal email accounts, LinkedIn account, job application portals, cloud storage, personal computer, and files.

12. Damages documents: Documents supporting Plaintiff's claimed damages, including documents concerning salary, equity compensation, lost wages, lost equity, foregone opportunities, reliance-based damages, relocation-related expenses, mitigation, job-search efforts, and disruption of academic or professional plans. These materials are located in Plaintiff's personal email accounts, personal computer, cloud storage, financial records, tax records, job-search records, Wharton records, and files.

13. Publicly available or third-party documents: Documents from public sources, third parties, or other sources concerning Apple job titles, Product Manager roles, ML Data Scientist roles, job classifications, career tracks, compensation, recruiting practices, or any other issue relevant to Plaintiff's claims. These materials are located in public sources, third-party sources, Plaintiff's personal computer, cloud storage, and files.

14. Documents produced or identified in discovery: Documents, electronically stored information, tangible things, deposition testimony, interrogatory responses, responses to requests for admission, or other discovery materials produced or identified by Defendant or any third party in this action. These materials will be located in discovery productions, third-party productions, deposition materials, and other records produced or identified during this action.

Plaintiff reserves the right to supplement these categories and locations as additional documents and information become available through discovery.

## III. Damages Computation

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff identifies the following categories of damages claimed in this action. These computations are based on information presently available to Plaintiff and will be supplemented as discovery proceeds. Plaintiff's annual base salary at Apple was $215,000. Plaintiff's offer also included restricted stock units

with an estimated value of $400,000 on the date of grant, and Plaintiff alleges lost equity compensation, including equity compensation valued at approximately $100,000 annually. Plaintiff also claims reliance-based and consequential damages arising from decisions made in reliance on Apple's written offer and role designation.

1. Lost salary / back pay: Plaintiff claims lost salary from February 9, 2026, the effective date of termination, through judgment or another legally applicable damages cutoff, subject to mitigation, offset, and further proof. Plaintiff's approximate daily salary loss is calculated as $215,000 annual salary divided by 365 days, or approximately $589.04 per day. Accordingly, Plaintiff's lost salary is calculated as $589.04 multiplied by the number of days from February 9, 2026 through the applicable damages cutoff, less any legally applicable mitigation or offset. Plaintiff reserves the right to supplement this computation based on additional information, including mitigation records, employment records, tax records, and documents produced by Defendant.

2. Lost equity compensation: Plaintiff claims lost equity compensation and/or lost equity vesting associated with his Apple employment, including lost restricted stock units and any equity vesting that would have occurred but for termination, subject to proof and applicable mitigation or offset. Plaintiff's offer letter referenced restricted stock units with an estimated value of $400,000 on the date of grant. Plaintiff alleges annualized equity compensation of approximately $100,000. Plaintiff's approximate annualized equity loss is calculated as $100,000 annualized equity compensation divided by 365 days, or approximately $273.97 per day. Accordingly, Plaintiff's lost equity compensation is calculated as $273.97 multiplied by the number of days from February 9, 2026 through the applicable damages cutoff, less any legally applicable mitigation or offset. Plaintiff further claims any identifiable equity vesting event that Plaintiff would have received but for termination, including any July 2026 vesting event, subject to proof through Apple's equity grant documents, vesting schedules, grant terms, equity valuation, and applicable compensation policies. Plaintiff reserves the right to supplement this computation based on documents produced by Apple concerning equity grants, vesting schedules, grant terms, equity valuation, and applicable compensation policies.

3. Reliance-based damages: Plaintiff claims reliance-based damages arising from decisions made in reliance on Apple's written offer and role designation, including taking a formal leave of absence from the Wharton MBA program, foregoing or not participating in structured MBA recruiting, declining or not pursuing alternative employment opportunities, committing to full-time employment with Apple, incurring relocation-related expenses, and experiencing disruption to academic and professional plans. Plaintiff will supplement this category of damages as additional documents and information become available, including through discovery, Wharton records, recruiting records, mitigation records, and documents produced by Defendant.

4. Consequential damages: Plaintiff claims consequential damages arising from Apple's alleged misrepresentations, reliance-inducing conduct, and termination following Plaintiff's written concerns regarding the discrepancy between the written offer and formal internal job

classification. These damages include disruption to Plaintiff's academic, recruiting, professional, and career plans. Plaintiff reserves the right to supplement this computation as discovery proceeds.

5. Pre-judgment and post-judgment interest: Plaintiff seeks pre-judgment and post-judgment interest as permitted by applicable law. Plaintiff reserves the right to supplement this computation as discovery proceeds and as applicable legal standards are determined.

6. Statutory, equitable, and other relief: Plaintiff seeks all available relief under applicable law, including relief available under New York Labor Law § 740 and any other applicable legal or equitable theory pled in the Complaint or otherwise available in this action. Such relief may include, to the extent available and proven, lost wages, front pay or reinstatement-related relief, equitable relief, civil penalties, punitive damages, costs, and other relief the Court deems just and proper. Plaintiff reserves the right to supplement this disclosure as discovery proceeds and as additional information becomes available.

## IV. Insurance Agreements

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Plaintiff is not presently aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse Plaintiff for payments made to satisfy a judgment. Plaintiff reserves the right to supplement this disclosure if additional information becomes available.

## V. Reservation of Rights

Plaintiff reserves the right to amend, supplement, or modify these disclosures pursuant to Federal Rule of Civil Procedure 26(e), including after receiving Defendant's document production, interrogatory responses, deposition testimony, or other discovery. Plaintiff further reserves the right to identify additional witnesses, documents, electronically stored information, tangible things, damages computations, and other evidence as discovery proceeds.

Dated: May 19, 2026

By: */s/ Brian Aly*

**Brian Aly**
MBA Candidate | Class of 2027
The Wharton School | University of Pennsylvania
646-202-0545 | alybrian@wharton.upenn.edu
*Plaintiff pro se*

Civil Action No. 1:26-cv-03262-AS | Hon. Arun Subramanian

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, I served Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) by email on counsel for Defendant.

*/s/ Brian Aly*