**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRIAN ALY,

Plaintiff,

v.

APPLE, INC.,

Defendant.

1:26-CV-3262-AS

**PROTECTIVE ORDER**

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some

portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

6. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7. Any party who either objects to any designation of confidentiality or requests further limits on disclosure may serve upon the designating person or counsel for the designating person a written notice stating with particularity the grounds of the objection or request. Any such challenge shall be made no later than forty-five days after the close of discovery; provided, however, that a challenge to a designation first made or materially modified after the close of discovery may be raised within thirty days after notice of that designation or modification. If agreement cannot be reached promptly, the parties shall address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Pro Se Cases and any other applicable Court rules or orders.

8. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in

any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Discovery Material must be stored and maintained by the Parties at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Discovery Material may not be exported outside the United States or released to any foreign national (even if within the United States). Notwithstanding the foregoing, nothing in this Paragraph shall prohibit the production of Discovery Material to a party because of the party's citizenship, nationality, or immigration status. For avoidance of doubt, nothing in this Paragraph shall prohibit Plaintiff, as a party otherwise authorized under this Order, from accessing Discovery Material while physically located in Canada, except as to specific material for which the producing person identifies an applicable export-control or other legal restriction and the legal basis for that restriction. If a producing person contends that specific material is subject to an applicable export-control or other legal restriction, including a restriction on access outside the United States, the producing person shall identify the material and the legal basis for the restriction before withholding or limiting access, and the parties shall meet and confer regarding appropriate handling.

10. Parties shall implement restrictions regarding the disclosure or use of Discovery Material in any generative artificial intelligence ("GenAI"), large language model

("LLM"), or other similar technology. Such restrictions must meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Parties' Discovery Material solely to personnel and purposes authorized by this Order. The restrictions must, at a minimum, prohibit the disclosure or use of Parties' Discovery Material in any such technology that (1) permits persons not authorized under this Order to access submitted Discovery Material or outputs that disclose or reveal such material, or (2) uses submitted Discovery Material or outputs that disclose or reveal such material to train or improve any model. The Parties' Discovery Material may not be combined with documents or information from any other matter. For avoidance of doubt, the prohibition on combining Discovery Material with documents or information from any other matter does not prohibit use with publicly available legal authorities or other publicly available information, provided that all other restrictions in this Paragraph remain applicable. Before a Party transfers any Discovery Material to be analyzed by such technology, that Party shall make reasonably sure that it can delete all such Discovery Material and any derivatives from the platform at the final disposition of this action. The Party will be responsible for destroying such Discovery Material following final disposition, including any machine-learning models trained on Discovery Material. This provision shall not be interpreted to preclude Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

11. Pursuant to Fed. R. Evid. 502(d), the production of any Discovery Material, whether inadvertent or otherwise ("Clawback Discovery Material"), in this proceeding shall not, for the purposes of this proceeding or any other federal or

state proceeding, constitute a waiver by the disclosing party of any privilege applicable to that Clawback Discovery Material, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

12. Upon a request from any disclosing party who has produced Discovery Material that it believes is privileged and/or protected, each receiving party shall immediately return such Clawback Discovery Material and all copies to the disclosing party, except for any pages containing privileged markings by the receiving party which shall instead be destroyed and certified as such by the receiving party to the disclosing party.

13. Within five business days of the notification that such Clawback Discovery Material has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Clawback Discovery Material.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Clawback Discovery Material. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Pro Se Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Clawback Discovery Material.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: August 28, 2026

*/s/ Brian Aly*
Brian Aly (*pro se*)
595 Pavonia Avenue
Jersey City, NJ 07306
alybrian@wharton.upenn.edu

*Plaintiff*

*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000
melissa.rodriguez@morganlewis.com

*Attorney for Defendant*

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: New York, New York
August 31, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN ALY,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | 1:26-CV-3262-AS<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ____________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________ ________________________________________