UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN ALY,<br><br>Plaintiff,<br><br>-against-<br><br>APPLE, INC.,<br><br>Defendant. | 26-CV-3262 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff's letter requesting temporary deferral of the Penn subpoena, Dkt. 46, is GRANTED IN PART and DENIED IN PART. Apple is right that plaintiff has once again filed a letter seeking judicial relief prematurely. He filed this letter before even hearing back from Apple on whether it would agree to a brief pause in enforcing the subpoena to allow the parties to negotiate its scope. If he had just waited for Apple to respond and they had refused to budge, he could have sought relief then. To make matters worse, plaintiff emailed a reply letter directly to chambers, despite the Court's clear admonitions not to do so. The Court could deny plaintiff's request for these reasons alone. And next time, the Court will not hesitate to do so.

However, plaintiff's underlying request for a pause here is reasonable. The Court made clear in its prior order that it was not ruling on the scope of the subpoena. The Court even noted that "Apple's subpoena might need to be narrowed," and faulted plaintiff for not "engag[ing] with Apple's proposals for narrowing it." Dkt. 44. Yet Apple now won't even agree to a brief pause to allow for that negotiation. It's Apple that is being unreasonable here.

Here's how we will proceed. Plaintiff and Apple have until October 27 to negotiate the scope of the subpoena. The Court is hopeful that the parties can reach agreement on the subpoena's scope and avoid having to involve the Court. But if the parties are at an impasse at that point, they can file a joint letter on October 28 listing any discrete categories of documents on which the parties are at an impasse.

**To be clear, the parties must meet and confer in good faith before coming to the Court**. The joint letter should be in the form of a chart, with the category of documents on the left, then Apple's position, then plaintiff's position, then a space for the Court to enter its ruling. **The joint letter should certify that each side met and conferred in good faith, and state the time spent meeting and conferring and the manner that those discussions took place, which must include at least one face-to-face meeting, phone call, or video conference, with the time spent on that medium indicated.** After the Court issues its ruling, Apple can proceed to enforce the subpoena and obtain documents from Penn.

SO ORDERED.

Dated: October 23, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge