UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN ALY,

Plaintiff,

-against-

APPLE INC.,

Defendant.

26-CV-3262 (AS)

**URGENT LETTER MOTION FOR PROTECTIVE ORDER AND INTERIM RELIEF**

November 11, 2026

Hon. Arun Subramanian

Dear Judge Subramanian:

Under Rules 26(c)(1)(A)-(D) and 26(d)(3), I request an interim order deferring service of Apple's noticed Google subpoena through November 16, 2026, subject to further order, and a protective order requiring prior leave and item-by-item review of that subpoena and future employer or recruiter subpoenas seeking job-search or mitigation records. The prospective-employer protection was proposed to Apple on November 10. App. C. Apple announced Google service for November 13, the day of our 3:00 p.m. live conferral; production is due November 30. App. A5; App. B at B-1, B-5.

**Written efforts and the timing of this application**

On November 10 at 5:03 p.m., I sent the proposed letter, requested approval or specific objections and alternatives, and asked Apple to defer employer subpoenas pending Friday's call. App. A1. On November 11 at 10:22 a.m., counsel responded, "Apple does not agree to your letter," asserting that no prospective-employer subpoenas had been served and that Apple might not need them if I removed Volume 3 redactions. Counsel also confirmed her willingness to speak Friday. App. A2.

At 11:07 a.m., I renewed my requests for acceptable terms, narrower alternatives, and a standstill. At 2:42 p.m., I asked whether Apple opposed protection entirely or only particular terms. At 3:49 p.m., counsel announced Friday service of the Google subpoena without specifying a time or agreeing to wait for the call. App. A3-A5. Those exchanges concern my earlier proposal; the Google-specific relevance objections below have not yet been discussed live.

I certify that Appendix A records my good-faith written efforts. Live conferral has not yet occurred. Under Dkts. 38 and 44 and § 5(B), I seek leave to present this application now, outside the ordinary conference-request procedure, with interim relief pending conferral and decision on the remaining terms. I will attend Friday's call and am willing to confer earlier. I also request leave under § 3(A) to submit Appendices A, C, and D.

**Google: relevance objection to historical employment discovery**

Apple obtained application-related records from Penn and acknowledged access on November 10. App. D. My Google application was for an MBA internship. That application concerns my efforts to obtain work after Apple; my earlier employment at Google is a different subject. Identifying an internship application does not establish the relevance of historical Google employment records to mitigation or to another claim or defense in this case.

**Recruitment (request 1):** The request covers all recruitment-related documents and communications from January 1, 2018 through the present, extending beyond the MBA internship application. Earlier recruiting exchanges do not establish whether I diligently pursued suitable work after Apple. Any mitigation inquiry should identify application-related information actually missing from the existing record.

**Complaints and investigations (request 2):** Historical complaints by or about me involving retaliation, breach of contract, fraud, or title/classification, and their investigation files, do not establish my post-Apple mitigation efforts. Shared terminology does not explain how events at Google bear on Apple's conduct or a disputed fact here.

**Titles and separation (requests 3-4):** Google's historical titles/classifications and title-related reasons for my departure do not establish the nature, timing, or diligence of my subsequent job search. A documents-sufficient formulation and a title-related limitation do not themselves supply the missing connection to mitigation.

I object to these historical demands as irrelevant to mitigation and unsupported as to any other disputed issue in this action. Apple should identify the precise claim or defense, the disputed fact, and how each category bears on it. I seek a relevance determination before service, rather than accepting narrower historical demands without that showing. App. B at B-4.

**Why protection is needed before employer involvement**

Google is both a former employer and an employer to which I applied for an MBA internship. Involving it in litigation over historical complaints and personnel matters could impair my candidacy or future references. I also remain actively engaged with other prospective employers. App. C at C-1. My concern is avoidable harm to recruiting relationships and career prospects; confidential handling of documents would not prevent the employer's involvement.

My production includes recruiting/application records, and Penn supplied application-related documents. App. D. Those records and my November 20 testimony can identify mitigation gaps before employer contact. A short Google hold permits conferral and review before November 30 production. My deposition will proceed as scheduled.

Rules 26(b)(1), 26(b)(2)(C)(i), and 26(c) permit limits based on relevance, proportionality, duplication, and good cause. *Henry v. Morgan's Hotel Group, Inc.*, No. 15-cv-1789, 2016 WL 303114, at *2-3 (S.D.N.Y. Jan. 25, 2016), rejected insufficiently relevant former-employer discovery and recognized potential harm to future employment.

**Legal basis and requested protective terms**

*Morrison v. Scotia Capital (USA) Inc.*, No. 21-cv-1859, ECF No. 109, at 5-8 (S.D.N.Y. May 29, 2024), rejected mitigation requests reaching periods before the duty to mitigate and barred proposed employer/recruiter subpoenas, allowing later requests for leave if warranted after deposition. *Perelman v. Visa USA, Inc.*, No. 24-cv-9793, ECF No. 74, at 4-6 (S.D.N.Y. Mar. 30, 2026), allowed narrowly directed application records where none had been produced for other prospective employers and employment harm was not shown. That supports assessing a demonstrated need for application evidence, not presuming historical personnel records relevant.

In addition to the interim Google hold, I request the following continuing protections:

1. **Coverage and sequencing.** Apple must obtain leave before serving the noticed Google subpoena, any revision, or any future subpoena to a former or prospective employer or recruiter seeking my job-search or mitigation records. For mitigation subpoenas, Apple must first review available productions and take my November 20 deposition, unless the Court orders otherwise.

2. **Complete, itemized application.** Apple must serve me with its application and each complete proposed subpoena, including the recipient, definitions, instructions, numbered requests, date ranges, and compliance date. For each recipient and request, it must identify the claim or defense and disputed fact, explain the relevance and additional information or corroboration sought, and address available records, testimony, and less intrusive sources.

3. **Opportunity to oppose before service.** I may respond within seven days after service of the complete application, or another period the Court sets, opposing each recipient and request with evidence and narrower alternatives. Service must await an order granting leave after that opportunity.

4. **Limited authorization.** Approval must specify recipients, requests, and time periods. New recipients or materially expanded requests require renewed leave and the same response opportunity. Recipients retain their independent Rule 45 rights.

I request an interim ruling before November 13 and a schedule for conferral and decision on the continuing protections. The order would bind Apple. Neither this application nor Rule 45(a)(4) itself stays service.

Respectfully submitted,
/s/ Brian Aly
Plaintiff, pro se
4035 Chestnut Street, Apartment 206
Philadelphia, PA 19104
646-202-0545 | alybrian@wharton.upenn.edu

Plaintiff's letter motion is DENIED for failure to meet and confer with Apple before filing, as required by the Court's rules and prior orders in this case. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 53.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 18, 2026